Laney Unemployment Compensation Case.

Argued October 5, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Nicasio J. Zagone,* for appellant.

*William L. Hammond,* Special Deputy Attorney General, with him *Charles J. Margiotti,* Attorney General and *Roland M. Morgan,* Associate Counsel, for appellee.

OPINION BY RHODES, P. J., November 15, 1950:

This is an appeal by claimant from the decision of the Unemployment Compensation Board of Review af-

firming the decision of the referee disallowing compensation benefits. The bureau had issued a decision allowing the claims filed on the ground that claimant met all the requirements of the Unemployment Compensation Law. The denial of benefits by the referee and the Board was under section 402 (e) which was added to the Unemployment Compensation Law of December 5, 1936, P.L. (1937) 2897, by the amendatory Act of May 29, 1945, P.L. 1145, §9, 43 PS §802 (e) which provides: "An employee shall be ineligible for compensation for any week . . . (e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work; . . ."

Appellant was last employed by the Yellow Cab Company, Philadelphia, Pennsylvania. He had been employed for several years as a mechanic in the Delaware County garage of the employer company. On November 28, 1949, appellant was discharged for sleeping during working hours in violation of a company regulation. A week previous to appellant's discharge he was found asleep while on duty, and warned about his conduct. On November 26, 1949, appellant was found asleep in one of the company's cabs during his working hours. Having been previously warned that a repetition of such an act would lead to his dismissal, he was discharged on November 28th. Appellant was aware of the company's rule which prohibited maintenance employees from sitting in the cabs of the company at any time, and he admitted the incidents which lead to his discharge. These facts were incorporated in the findings of the Board, which were supported by substantial and legally competent evidence and justify the Board's conclusion of willful misconduct. In addition thereto it was found by the referee and the Board that during a period between February 10, 1949, and May, 1949, appellant reported late for work on twenty-two

occasions, and that he had been warned by his supervisor that continued tardiness would result in his discharge. This action of appellant was not the basis of his disqualification under section 402 (e), but was a relevant fact which could be considered in determining that appellant's behavior was tantamount to a deliberate disregard of duties and obligations owed by him to his employer.

Appellant's contention is that 'his conduct was not such as to make him ineligible for benefits under section 402 (e).

Aside from the admitted tardiness on twenty-two occasions, appellant's violation of the company rule, of which he was aware, constituted willful misconduct. Appellant testified: "Q. John, you heard this testimony of your employer did you not. A. That is right, he caught me asleep. . . . Q. . . . Were you sound asleep? A. Yes, sir. . . . Q. You know there is a rule you are not supposed to sit in cabs at any time? A. I heard it, yes sir."

Appellant's attempted justification of his conduct was not accepted by the Board. The result may be unfortunate for him but the employer was warranted in the action taken. Sleeping in a company cab while on duty was a deliberate violation of the company regulation, and consequently constituted willful misconduct in connection with his employment. Appellant had been warned in this respect, and he admitted knowledge of the company rule.

Appellant's complaint that the Board did not give sufficient consideration to his testimony is without merit. There was no dispute about his entire course of conduct, and his excuses that his acts were due to domestic affairs did not constitute justification. As we have often said in cases of this type, the credibility of the witnesses, the weight of their testimony and the

reasonable inferences to be drawn therefrom are for the Board. *Stillman Unemployment Compensation Case,* 161 Pa. Superior Ct. 569, 575, 56 A. 2d 380. Where the Board's findings are supported by substantial and competent evidence, it is not within our province, even if we should desire to find otherwise, to substitute our judgment for the Board's in such matters. *Devlin Unemployment Compensation Case,* 165 Pa. Superior Ct. 153, 156, 67 A. 2d 639.

Decision is affirmed.