## Sopko Unemployment Compensation Case.

Argued April 10, 1951. Before Rhodes, P. J., Hirt, Reno, Dithrich, Ross, Arnold and Gunther, JJ.

*John M. Sopko,* appellant, in propria persona.

*William L. Hammond,* Special Deputy Attorney General, with him *Robert E. Woodside,* Attorney General and *Roland M. Morgan,* Associate Counsel, for appellee.

PER CURIAM, July 19, 1951:

This is an appeal by claimant from the decision of the Unemployment Compensation Board of Review. Claimant had been employed for approximately forty years by J. G. Curtis Leather Company, Ludlow, Pennsylvania. During most of that period he worked as a machine operator. In May, 1950, however, the department in which he worked was temporarily closed. In order to make work available for claimant, as well as for several other employes, the company, during such period, assigned them to temporary work around the plant such as cutting grass and weeds and cleaning up. For this work claimant received his regular pay. Claimant's work in such capacity was unsatisfactory, and the Board found that "he failed to perform his assigned duties and spent much of his working time wandering over the premises." Upon claimant's failure to correct this situation, despite two warnings by the foreman, claimant was sent home until work became available in his own department. His last day of work was June 9, 1950. For the period from July 2 to July 16, 1950, he received vacation pay. The findings of fact are not in dispute, and they are supported by the evidence.

Claimant registered for work and filed an application for benefits effective June 11, 1950. Thereafter he filed a waiting week claim for the week ending June 17 and four continued claims for the weeks end-

ing June 24 and July 1, 8 and 15, 1950. The bureau disallowed his claims, and upon appeal the referee affirmed the bureau's decision upon the ground that claimant's separation from work was due to "willful misconduct in connection with his work" within the meaning of section 402 (e) of the Unemployment Compensation Law, 43 PS §802 (e), which provides: "An employe shall be ineligible for compensation for any week . . . (e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work; . . ." The Board affirmed the referee's decision upon the same ground, with the modification that claimant was ineligible under section 401, 43 PS §801, and section 4 (u), 43 PS §753, of the Law during the two weeks when he was receiving vacation pay. See *Fazio Unemployment Compensation Case,* 164 Pa. Superior Ct. 9, 63 A. 2d 489.

In his appeal to this Court, claimant contends that the testimony given at the referee's hearing on September 5, 1950, indicated that the temporary work to which he had been assigned, and from which he had been dismissed, had been completed at that date, and that his department had not then resumed work. He argues therefrom that he is entitled to compensation benefits from that date. Such claim has no relevancy to the present appeal. We are here concerned only with the weeks for which claims were filed and determination made by the bureau, and all of those weeks were prior to July 15, 1950, when work was available.

As to the claims for the weeks in issue, we find no error in the Board's decision. Claimant was unquestionably disqualified from receiving benefits for the weeks during which he received vacation pay under the provisions of section 4 (u) of the Law. In fact in his petition for appeal from the decision of the bureau,

he states that he was not claiming compensation for these weeks.

He is also disqualified for compensation benefits for the other weeks as his lack of employment was clearly the result of his own willful misconduct. An employe is obliged to render loyal, diligent, faithful, and obedient service to his employer. *Allen Unemployment Compensation Case,* 168 Pa. Superior Ct. 295, 77 A. 2d 889. The inexcusable and unexplained failure, neglect, or refusal of claimant to perform the duties assigned to him, especially where he had been warned relative to his conduct by his employer, constitutes one of the more readily recognized instances of willful misconduct. Claimant neither denies the testimony as to his dereliction in the performances of his duties nor offers any adequate excuse for it. His conduct constituted "a disregard of standards of behavior which the employer has the right to expect of his employe." *Detterer Unemployment Compensation Case,* 168 Pa. Superior Ct. 291, 294, 77 A. 2d 886. See *Laney Unemployment Compensation Case,* 167 Pa. Superior Ct. 551, 76 A. 2d 487.

Decision is affirmed.