Luciano Unemployment Compensation Case.

Argued March 22, 1951. Before RHODES, P. J., HIRT, RENO, ROSS, ARNOLD and GUNTHER, JJ. (DITHRICH, J., absent).

*David H. Kubert,* for appellant.

*William L. Hammond,* Special Deputy Attorney General, with him *Charles J. Margiotti,* Attorney General, and *Roland M. Morgan,* Associate Counsel, for appellee.

*John D. M. Hamilton* and *Pepper, Bodine, Stokes & Hamilton,* for intervenor, appellee.

OPINION BY ROSS, J., July 19, 1951:

Appellant's claim for compensation was denied by the bureau, the referee and the board under the Unemployment Compensation Law, section 402(e), 43 PS 802, which provides: "An employe shall be ineligible for compensation for any week . . . (e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work."

The referee's findings of fact as modified by the board are as follows: "1. The claimant was last employed by Sun Shipbuilding and Dry Dock Company, Chester, Pennsylvania, and his last day of work was on September 29, 1949. 2. The employer company has a rule whereby it issues a pink slip for a violation of company rules. Excessive absenteeism is a violation for which pink slips are issued. The first two pink slips given an employee serve as a warning notice and after receipt of the third pink slip an employee is subject to dismissal. 3. On December 3rd, 1948, the claimant was given a pink slip for losing five days without notice to the company in the month of November, 1948. On August 2nd, 1949, he was given a second pink slip for excessive absenteeism. On August 31st, 1949, claimant was given a third pink slip for losing four full days without notice and two part time absences. On the occasion of the issuance of the third pink slip the claimant was not discharged, but was permitted to work. The claimant was absent from work because of illness on September 27th and September 28th, 1949, but he did not notify the employer of the reason for such absence. The claimant reported for work on September 29, 1949 and was permitted to work until 12:45

p.m., at which time he was discharged for excessive absenteeism." These findings of fact are supported by substantial and competent evidence and, therefore, are conclusive. *D'Yantone Unemployment Compensation Case,* 159 Pa. Superior Ct. 15, 46 A. 2d 525; *Laney Unemployment Compensation Case,* 167 Pa. Superior Ct. 551, 76 A. 2d 487.

The question presented by this appeal is whether a claimant who is absent from work on numerous occasions without good cause and without notification to the employer is precluded from receiving compensation by willful misconduct. We are agreed that this question must be answered in the affirmative as it was by the compensation authorities.

In general, the rule with regard to what amounts to willful misconduct as that phrase is used in unemployment compensation acts is as stated in 48 *American Jurisprudence* 541, 542, section 38, quoted with approval by this Court in *Detterer Unemployment Compensation Case,* 168 Pa. Superior Ct. 291, 77 A. 2d 886. "Misconduct within the meaning of an unemployment compensation act excluding from its benefits an employee discharged for misconduct must be an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer." Absence from work on numerous occasions without justification and without giving notice shows a deliberate "disregard of standards of behavior which the employer has the right to expect of his employee" and constitutes willful misconduct within the meaning of section 402(e).

158

Acts identical in kind to those of the appellant in the present case were characterized as willful misconduct in *Devlin Unemployment Compensation Case,* 165 Pa. Superior Ct. 153, 67 A. 2d 639. In that case Judge RENO, speaking for this Court, stated at page 155: "It must be true that repeated absences from work without good cause, *and particularly in the face of warnings by the employer,* constitute willful misconduct connected with the work. The element of willfulness is present in such situations, and prejudice to the employer's interest is obvious. Absences from work affect production, frequently make it impossible to utilize to the full extent the services of employes who are present and, when repeated time and again, without justification, tend to disrupt the discipline and order necessary for the proper maintenance of any enterprise." (Italics supplied.)

Decision affirmed.