## Sauer Unemployment Compensation Case.

Argued October 2, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

No argument was made nor brief submitted for appellant.

*William L. Hammond*, Special Deputy Attorney General, with him *Robert E. Woodside*, Attorney General, for appellee.

OPINION BY ARNOLD, J., December 12, 1952:

In this unemployment compensation case the plaintiff was discharged from her employment, and on February 13, 1952, registered for work and filed an application for benefits in the local employment office in Lancaster. At the same time she represented that she was unemployed because of lack of work. On March 20, 1952, the bureau issued a decision holding that the claims were invalid under §402(e) of the law, 43 PS §802(e), in that, despite warnings, the claimant failed to follow employer's policy with regard to reporting absences and thus brought about her own discharge by her unexcused absences from work. The referee affirmed the decision and the board affirmed the referee. The board found as a fact that the causes of her absences, exclusive of illness, were (a) to attend an uncle's funeral, (b) to keep a beauty shop appointment, (c) to do the family wash, (d) to visit a lawyer, (e) overslept, (f) a number of unexplained instances. These absences constituted a disregard of standards of behavior which the employer has the right to expect of his employe: *Detterer Unemployment Compensation Case,* 168 Pa. Superior Ct. 291, 77 A. 2d 886. Again in *Luciano Unemployment Compensation Case,* 169 Pa. Superior Ct. 155, 156, 82 A. 2d 600, it was pointed out that Luciano had been warned about his absenteeism, and thereafter when he became absent because of illness, without notifying his employer as to the reason therefor, his subsequent discharge for excessive absenteeism was sustained, the Court stating at page 157: "Absence from work on numerous occasions without justification and without giving notice shows a deliberate 'disregard of standards of behavior which the employer has the right to expect of his employee' and constitutes willful misconduct within the meaning of section 402 (e)." Again in *Devlin Unemployment Com-*

*pensation Case,* 165 Pa. Superior Ct. 153, 67 A. 2d 639, this Court stated that repeated absences from work without good cause, particularly in the face of warnings of the employer, constitute wilful misconduct connected with the work. When this employe, on February 11, 1952, again absented herself without any notice to her employer, even though she was familiar with the company rule requiring report of absences, and had been warned about losing so much time, it is perfectly clear that she deliberately disregarded the standards of behavior which she knew she owed to her employer.

We reiterate the oft-repeated rule that the findings of fact made by the unemployment compensation authorities are binding upon this Court if there is evidence to sustain them. Such evidence clearly existed in this case.

Order affirmed.