Mundy Unemployment Compensation Case.

Argued March 19, 1957. Before Rhodes, P. J., Hirt, Gunther, Wright, Woodside, and Ervin, JJ. (Watkins, J., absent).

*Walter A. Mundy,* appellant, in propria persona.

*Sydney Reuben,* Special Deputy Attorney General, with him *Thomas D. McBride,* Attorney General, for appellee.

Opinion by Gunther, J., June 11, 1957:

This is an appeal from the Unemployment Compensation Board of Review in affirming the disallowance of unemployment compensation benefits. Claimant,

Walter Mundy, was employed by the Crown Cork and Seal Company, Inc., in Philadelphia, as a machine cleaner. Between March 19, 1954 and May 3, 1954, the referee found that claimant had eight unexplained absences and reported late for work sixteen times. He was given several warnings by his foreman. On October 23, 1954, claimant was temporarily laid off but was recalled in May, 1955, and, at his own request, was transferred to another shift in an attempt to correct his tardy reporting for work. However, the undenied testimony shows that between June and October, 1955, he was late in reporting for work a total of twenty-eight times. During 1955, claimant again reported late over an hour from the regular starting time. On November 9, 1955, he was discharged.

Claimant's reason for his tardiness was that he was engaged in outside activities which were more remunerative than the hour or so pay lost by not reporting on time. The outside activities consisted of training fighters in a gymnasium and watching television bouts.

On November 10, 1955, claimant filed an application for benefits at the local office of the Bureau of Employment Security in Philadelphia. The Bureau, on January 5, 1956, ruled that excessive tardiness, after numerous warnings, showed a complete disregard for his employer's interest and that his discharge was due to willful misconduct under section 402 (e) of the Unemployment Compensation Law, 43 P.S. 802 (e) and that he was disqualified for compensation benefits. Claimant filed an appeal and the referee, after hearing, affirmed the bureau's ruling. The Board of Review affirmed the referee's findings and disallowance of benefits.

Willful misconduct is a " 'wanton or wilful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of

behavior which the employer has the right to expect of his employee.' " *Detterer Unemployment Compensation Case,* 168 Pa. Superior Ct. 291, 77 A. 2d 886. We have held that excessive absenteeism without notice and without justification constitutes willful misconduct. *Luciano Unemployment Compensation Case,* 169 Pa. Superior Ct. 155, 82 A. 2d 600; *Sauer Unemployment Compensation Case,* 172 Pa. Superior Ct. 202, 92 A. 2d 896; *Moyer Unemployment Compensation Case,* 177 Pa. Superior Ct. 72, 110 A. 2d 753. This is particularly true in those instances in which the employer has given repeated warnings to such employe. *Siderio Unemployment Compensation Case,* 168 Pa. Superior Ct. 642, 82 A. 2d 567.

The affirmance of the referee's findings are amply supported by the evidence and the decision of the Board is affirmed.