## Viale Unemployment Compensation Case.

Submitted April 10, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Charles H. Viale,* appellant, in propria persona.

*Sidney Reuben,* Assistant Attorney General, with him *Thomas D. McBride,* Attorney General, for appellee.

OPINION BY HIRT, J., June 11, 1957:

The Board of Review in this unemployment compensation case denied benefits under §402(e) of the Law (43 PS §802) on its conclusion that claimant was discharged for willful misconduct in connection with his work. The board found, in substance, that between January 17 and June 12, 1956, claimant was absent from his work 22 regular working days without permission or valid excuse; he also had frequently been warned against reporting to work while under the influence of liquor, and on June 8, 1956, was given notice "that any further absenteeism without good reason or reporting to the job with the smell of alcohol on his breath, would result in his immediate discharge." Following his last day of work on June 12, 1956, he did not report for work for three successive days and when he did appear the following Monday he was discharged.

The uncontradicted testimony is that claimant drank daily and often left the premises during working hours to get a drink; that at times he reported for work, and specifically on June 8, in an inebriated condition. That his absence from his work for days at a time was without prior notice to his employer or for a valid reason. The decision therefore may not be disturbed.

"It must be true that repeated absences from work without good cause, and particularly in the face of warnings by the employer, constitute willful misconduct connected with the work. The element of willfulness is present in such situations, and prejudice to the employer's interest is obvious": *Devlin Unemployment Compensation Case,* 165 Pa. Superior Ct. 153, 67 A. 2d 639; *Mundy Unemployment Compensation Case,* 183 Pa. Superior Ct. 359, 133 A. 2d 587. So also, appearing for work in an intoxicated condition is conduct sufficiently inimical to the employer's interest as to constitute willful misconduct. *Bates Unemployment Compensation Case,* 171 Pa. Superior Ct. 529, 90 A. 2d 379.

Decision affirmed.