## Matthews Unemployment Compensation Case.

Argued December 9, 1958. Before Rhodes, P. J., Hirt, Gunther, Wright, Woodside, Ervin, and Watkins, JJ.

*Louis Samuel Fine,* for appellant.

*Sydney Reuben,* Assistant Attorney General, and *Thomas D. McBride,* Attorney General, for appellee, submitted a brief.

OPINION BY ERVIN, J., March 18, 1959:

This is an unemployment compensation case in which the sole issue is whether the claimant is guilty of wilful misconduct within the meaning of that term as used in §402(e) of the Unemployment Compensation Law, 43 PS §802(e), if, after numerous warnings, he is discharged for being habitually late. The Bureau of Employment Security found the claimant ineligible to receive benefits. The referee reversed the bureau's decision and allowed benefits. The Board of Review reversed the decision of the referee and found the claimant ineligible to receive benefits. It made, inter alia, the following findings of fact: "2. The claimant was employed for approximately three and one-half months as a shipping clerk. During the period of his employment, the claimant was late numerous times in reporting for work and was warned about such conduct.

"3. On January 24, 1958 the claimant reported to work approximately forty-five minutes late at which time he was discharged for failure to report to work on time."

There is adequate evidence to support the findings of the board and these findings are binding upon us: *Mettetal Unemployment Compensation Case,* 187 Pa. Superior Ct. 291, 144 A. 2d 586. The time clock records of the employer were produced and they fully substantiated the board in its finding that "the claimant

was late numerous times in reporting for work. . . ." They showed that the claimant was late to work numerous times in the 3½ months period of employment, which lateness ranged from a few minutes to 1½ hours. The claimant himself admitted that he was warned a few times about being late and was further told that he would have to be more punctual. He also admitted that he was told by his superior that his job would be in jeopardy if he continued to come in late. On January 24, 1958 the claimant reported to work approximately 45 minutes late, at which time he was discharged. He claims that he was not told that he was being permanently laid off. He admits, however, that he was told to look for another job. The record substantiates the finding of the board that "the claimant was discharged by the employer for his failure to report to work on time."

Repeated absences from work without good cause, and particularly in the face of warnings by the employer, constitute wilful misconduct connected with work: *Devlin Unemployment Compensation Case,* 165 Pa. Superior Ct. 153, 67 A. 2d 639.

This case is ruled by *Siderio Unemployment Compensation Case,* 168 Pa. Superior Ct. 642, 645, 82 A. 2d 567, wherein Judge HIRT, in behalf of our Court, said: "There was no good reason for claimant's failure to comply with the company rules; his conduct therefore was willful. We have specifically held 'that repeated absences from work without good cause, and particularly in the face of warnings by the employer, constitute willful misconduct connected with the work': Devlin Unemploy. Compensation Case, 165 Pa. Superior Ct. 153, 67 A. 2d 639. The principle applies, as well, to habitual tardiness in reporting for work."

Decision affirmed.