Kishok Unemployment Compensation Case.
Atlantic Freight Lines, Inc., Appellant, *v.*
Unemployment Compensation Board of
Review.

Argued April 15, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Ira B. Coldren, Jr.,* with him *Ray, Coldren & Buck,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for appellee.

OPINION BY HIRT, J., June 10, 1959:

To state the undisputed facts, reflected in the findings of the Board of Review, is to demonstrate the fallacy in the decision in this case.

Claimant had been a payroll clerk in the employ of Atlantic Freight Lines, Inc.; his last day of work

was March 22, 1958. He was discharged for willful misconduct connected with his work. The office employes of Atlantic Freight Lines were expected to arrive at their place of employment not later than 9 o'clock a.m. each day. Records made by claimant, in punching a time clock, proved without question: That during 1956 claimant was tardy in reporting for work 52 times out of 312 working days; in 1957 with the same number of work-days he was late in arriving for work on 136 mornings; during 1958 he was tardy 35 times in 55 working days up to March 22, the date of his discharge. During the last 13 months of his employment claimant also had been absent from work a total of ten days. On these occasions he always reported that he was too sick to work but he admitted that on several of the days when he remained at his home he attended classes at a night school in the town where he lived.

On at least two occasions the office manager of the employer discussed claimant's absences and his tardiness with him and indicated that improvement in his attitude toward his job would be necessary; he however was never threatened with discharge. Habitual tardiness in reporting for work was the principal and controlling reason for terminating his employment. Claimant's misconduct in that respect created a problem for the employer in its administrative office. Only once was claimant late as much as 2½ hours in reporting to his work; on all other occasions his tardiness was between 1 and 18 minutes. But how late he was, and the fact that he performed his duties satisfactorily as to the result of his work, are wholly irrelevant. Absence of intent to prejudice his employer is unimportant. Cf. *Ristis Unempl. Compensation Case,* 178 Pa. Superior Ct. 400, 116 A. 2d 271. To maintain the necessary morale among its office force the employer in

this case was justified in insisting that claimant conform to the company's regulation requiring him to be at his desk at 9 a.m.; and claimant's failure to conform in that respect constituted willful misconduct connected with his work under §402(e) of the Unemployment Compensation Law, 43 PS §802(e). Because there was no dispute on the facts the question before us is one wholly of law. Repeated tardiness in reporting for work without good reason, constitutes a disregard of the employer's interest, a disregard of the standard of behavior which an employer has the right to expect, amounting to willful misconduct which will bar benefits under §402(e). *Siderio Unempl. Compensation Case,* 168 Pa. Superior Ct. 642, 82 A. 2d 567; *Mundy Unempl. Compensation Case,* 183 Pa. Superior Ct. 359, 133 A. 2d 587.

Decision reversed.