## Manson Unemployment Compensation Case.

Argued September 17, 1959. Before GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (RHODES, P. J., and HIRT, J., absent).

*James V. Manson,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for appellee.

OPINION BY ERVIN, J., November 11, 1959:

The only question raised on this appeal is whether appellant was guilty of willful misconduct within the meaning of that phrase as used in §402(e) of the Unemployment Compensation Law, 43 PS §802(e), when, after numerous warnings, he was discharged for being habitually tardy. The Bureau of Employment Security, the referee and the Board of Review all concluded that the appellant was ineligible to receive benefits. We have carefully reviewed the entire record and agree with that conclusion.

The law has been so clearly and recently set forth in a number of our decisions that we deem it unnecessary to repeat it here. Suffice it to say that this case is ruled by *Siderio Unemployment Compensation Case,* 168 Pa. Superior Ct. 642, 645, 82 A. 2d 567, where we said: "There was no good reason for claimant's failure to comply with the company rules; his conduct therefore was willful. We have specifically held 'that repeated absences from work without good cause, and particularly in the face of warnings by the employer, constitute willful misconduct connected with the work': . . . The principle applies, as well, to habitual tardiness in reporting for work."

In the present case the record reveals that on a number of occasions the appellant had reported late for work, ranging from a few minutes to approximately two hours. He had been warned by his supervisor. On January 16, 1959 he was again late for work and he was discharged from his job for that reason.

Decision affirmed.