## McDonald Unemployment Compensation Case.

Argued April 12, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Arthur McDonald,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION PER CURIAM, June 15, 1960:

Appellant in this unemployment compensation case was denied benefits by the Board of Review on the ground that, due to repeated tardiness, he was guilty of "willful misconduct" within the meaning of that term under section 402(e) of the Unemployment Compensation Law, 43 PS §802(e).

Appellant was employed for three and a half years at the Papercraft Corporation, Pittsburgh. During the course of his employment appellant was frequently late in reporting to work, and received warning slips for excessive tardiness. He was late in reporting to work on August 31, 1959, and as a result he was discharged on September 1, 1959. The contract between appellant's union and the Papercraft Corporation contained a clause allowing the discharge of employes for excessive tardiness. It is significant that the union filed no grievance concerning the appellant's discharge.

A review of the record indicates that there is sufficient evidence to support the findings of the board. The credibility of the witnesses, the weight of their testimony, and the reasonable inferences to be drawn therefrom were for the board as the ultimate factfinder. *Hamilton Unemployment Compensation Case,* 181 Pa. Superior Ct. 113, 119, 124 A. 2d 681.

Repeated tardiness in reporting for work without good cause, particularly after warnings by the employer, constitutes willful misconduct within the meaning of section 402(e) of the Unemployment Compensation Law. *Siderio Unemployment Compensation Case,* 168 Pa. Superior Ct. 642, 645, 82 A. 2d 567; *Manson Unemployment Compensation Case,* 191 Pa. Superior Ct. 8, 9, 155 A. 2d 467.

The decision of the board is affirmed.