**BROWN HOTEL COMPANY, Appellant,**

**v.**

**Mamie F. WHITE et al., etc., Appellees.**

Court of Appeals of Kentucky.

March 23, 1962.

Rehearing Denied March 22, 1963.

S. L. Greenebaum, Charles F. Wood, Greenebaum, Burnett, Wood & Doll and Thomas C. Carroll, Louisville, for appellant.

Christopher C. Frishe, Paul E. Tierney, Legal Section, Dept. of Economic Security, Div. of Unemployment Ins., Frankfort, for appellees.

MONTGOMERY, Judge.

The Brown Hotel Company has moved for an appeal from the judgment of the circuit court which affirmed the Unemployment Insurance Commission's award to Mamie F. White. Appellant questions the authority of the Commission to charge the benefits paid to appellant's reserve account. See KRS 341.530. This case was considered with Brown Hotel Company v. Edwards, Ky., 365 S.W.2d 299, Broadway & Fourth Avenue Realty Company v. Allen, Ky., 365 S.W.2d 302, and other related cases (decided this day).

Mamie worked as a cleaning woman at the Brown Hotel on her last employment

from January 1947 to 1954. Until February 20, 1954, her record for attendance at work had been satisfactory. On February 21, 1954, she reported that she was sick. She was absent from February 20 through March 15, 1954. Next, she was absent from April 2 through April 11, 1954. Her daughter reported that she was sick. May 9, 1954, was the last day she worked for appellant. On May 16, 1954, she again reported that she was sick. She made the same report on May 31, 1954. It is admitted that Mamie was ill on the occasions claimed. It was appellant's rule, known to Mamie, that any employee should keep the employer informed when she was going to be absent and for how long. No further word was received from her and on June 13, 1954, her employment was terminated because of excessive absenteeism without notice to the employer. Mamie called in on June 20, and was told that her card had been pulled. She felt able to do her work at that time, she testified, but did not request re-employment.

Appellant contends that the Commission acted without authority, or in excess of its authority, and not in conformity with the pertinent statutes.

■ The decisions of the referee, Commission, and trial court were based on the theory that absence from work because of personal illness was involuntary and was not an act of misconduct justifying a denial of benefits. This conclusion is in error because it is the excessive absenteeism, coupled with the failure to give notice thereof to the employer, that constitutes the misconduct for which the employee was discharged. KRS 341.530(3) provides that benefits paid to an eligible worker are not chargeable to the employer's reserve account "if such worker was discharged by such employer for misconduct connected with his most recent work for such employer."

It is not disputed that Mamie knew of appellant's rule concerning notice of absence from work. It is admitted that Mamie

last worked on May 9, 1954, and that she called in on May 16 and 31, but was unheard from again until June 20. During this period of unexplained absence without notice, her employment was terminated at the end of the second week.

In excuse of her dereliction, Mamie says she gave the indefinite information to her supervisor that she would return to work when she was able. The evidence is conflicting on this point. Under the employer's rule concerning notice of absence, weekly notices were considered sufficient.

■ An employee is obligated to render loyal, diligent, faithful, and obedient service to his employer. A failure in this respect is a disregard of the standards of behavior which the employer has the right to expect of his employee. Sopko v. Unemployment Compensation Board of Review, 168 Pa. Super. 625, 82 A.2d 598.

Mamie's supervisor testified that it was necessary in the operation of the hotel for such employees to be present and to perform their duties regularly. Absences from work affect the entire work schedule of an employer and frequently make it impossible to utilize to the full extent the services of the employees who are present. When repeated or prolonged without justification, the absences tend to disrupt the discipline and order necessary for the proper maintenance and operation of any business enterprise. Luciano v. Unemployment Compensation Board of Review, 169 Pa.Super. 155, 82 A.2d 600.

In Merkle v. Review Board of Indiana Employment Security Division, 120 Ind. App. 108, 90 N.E.2d 524, it was held that continued absence from work without leave showed such disregard of the employer's interest as constituted willful misconduct under a statute similar to KRS 341.530(3) and barred benefits. Under a strict construction of the statutes, Mamie has failed to show that she was not guilty of misconduct under KRS 341.530(3), thus barring the charging of her benefits to appellant's

reserve account. Brown Hotel Company v. Edwards, Ky., 365 S.W.2d 299; Broadway & Fourth Avenue Realty Company v. Allen, Ky., 365 S.W.2d 302.

Also for the reasons set forth in the latter case and in State v. Hix, 132 W.Va. 516, 54 S.E.2d 198, cited therein, appellant's reserve account should not have been charged with the benefits paid. The judgment and awards to the contrary are in error.

The motion for an appeal is sustained and the judgment is reversed.

BIRD and PALMORE, JJ., dissent.