**BROWN HOTEL COMPANY, Appellant,**

**v.**

**Russell ROBERTS et al., etc., Appellees.**

Court of Appeals of Kentucky.

March 23, 1962.

Rehearing Denied March 22, 1963.

S. L. Greenebaum, Charles F. Wood, Greenebaum, Barnett, Wood & Doll and Thomas C. Carroll, Louisville, for appellant.

Christopher C. Frishe, Paul E. Tierney, Legal Section, Dept. of Economic Security, Div. of Unemployment Ins., Frankfort, for appellees.

MONTGOMERY, Judge.

The Brown Hotel Company appeals from a circuit court judgment affirming an award made by the Unemployment Insurance Commission and its referee to Russell Roberts. Appellant challenges the charging of the benefits paid to its reserve account as being in violation of the pertinent statutes. See Brown Hotel Company v. Edwards, Ky., 365 S.W.2d 299, and related cases (decided this day).

Russell Roberts was employed as an engineer by appellant at its Kentucky Hotel from September 21, 1951, to January 15, 1955. On his claim application, Roberts gave as the reason for separation, "Voluntarily quit." Appellant contested the payment of benefits on the ground that Roberts had been discharged.

The evidence discloses that on numerous occasions complaint had been made to Roberts because of his failure to provide the hotel kitchen with sufficient steam with

which to operate the steam table. The chef who made these complaints said that he had talked to Roberts several times about it. Roberts' immediate supervisor testified he had discovered that Roberts was turning off a valve which should not have been touched and that this was the cause of the trouble. He also said that Roberts was familiar with this work and knew what he was doing wrong. He said that he had warned Roberts about doing this work properly and that Roberts had not tried to do better.

After having warned Roberts, the supervisor was called at home and was informed that there was again no steam in the kitchen. Upon checking at the hotel, the supervisor found that the lack of steam was because Roberts again had turned off the valve in question in violation of orders. He was then discharged. Roberts admitted receiving the complaints and warnings, but attributed the lack of steam to a defective valve and said that other duties prohibited him from watching the manually-operated valve. Roberts testified that his supervisor had used some "pretty rough language" to him over the telephone and that he was practically forced to quit the job because "no man with any general principle and caring anything about himself would work under those conditions." On the hearing, he admitted that he voluntarily quit his employment.

In rebuttal, the supervisor testified that there was no defect in the valve and that the same valve had been operating satisfactorily since Roberts' dismissal.

The issue presented is whether the conduct of Roberts amounts to such misconduct under KRS 341.530(3) as to bar the charging of the employer's reserve account with any benefits paid. The evidence is uncontradicted that as soon as Roberts' employment was terminated the trouble with insufficient steam ended. It is true that Roberts placed the blame on a defective valve but nowhere does he show that he had made known this claimed defect while

he was working. Nor does he deny that the matter was properly remedied by a turn of the manually-operated valve after complaint had been made. Roberts admits receiving the warnings in which his supervisor told him to leave the valve alone.

Under such circumstances, Roberts' continued failure or refusal to perform a simple task in obedience to explicit and direct orders of his supervisor constitutes such misconduct under KRS 341.530(3) as bars the charging of appellant's reserve account with the benefits paid. Siderio v. Unemployment Compensation Board of Review, 168 Pa.Super. 642, 82 A.2d 567; Sopko v. Unemployment Compensation Board of Review, 168 Pa.Super. 625, 82 A.2d 598; Luciano v. Unemployment Compensation Board of Review, 169 Pa.Super. 155, 82 A.2d 600; 48 Am.Jur., Social Security, etc., Section 38, page 541; 81 C.J.S. Social Security and Public Welfare § 162, page 245.

The motion for an appeal is sustained and the judgment is reversed.

BIRD and PALMORE, JJ., dissent.