## Backer Unemployment Compensation Case.

Argued April 10, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Elmer J. Backer,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

*John G. Wayman,* with him *Reed, Smith, Shaw & McClay,* for intervenor-appellee.

OPINION BY WOODSIDE, J., June 13, 1962:

The claimant in this unemployment compensation case was denied compensation by the bureau, the referee and the board on the ground that his unemploy-

ment was due to his discharge for willful misconduct connected with his work. See §402(e) of the Unemployment Compensation Law, 43 P.S. §802(e).

The board found from the evidence that from July 16, 1960, to December 30, 1960, the claimant was late for work 21 times and was absent one day without permission; that he was warned verbally and was given a written letter of warning on January 20, 1961, regarding his many instances of tardiness; that following claimant's written warning he was tardy 11 times, and that he was discharged because of his continued tardiness after warning.

Excessive tardiness, especially after warning, constitutes willful misconduct. *Matthews Unemployment Compensation Case,* 188 Pa. Superior Ct. 522, 149 A. 2d 187 (1959); *Kishok Unemployment Compensation Case,* 189 Pa. Superior Ct. 527, 151 A. 2d 822 (1959); *McDonald Unemployment Compensation Case,* 192 Pa. Superior Ct. 274, 161 A. 2d 625 (1960).

The appellant contends that after the death of his wife in 1956, it was difficult for him to obtain a person to care for his minor children; that his foreman understood his problem, and "said foreman had, in essence, excused the appellant on a number of occasions for being late and on practically all occasions, the appellant had made up the time." This might have excused his tardiness prior to any warning, but it does not excuse his continued excessive tardiness thereafter.

He further contends that he was entitled to three warnings under the collective bargaining agreement, and that he was discharged because he was a union officer. The evidence does not support these contentions.

Decision affirmed.