Opinion by
Ervin, J.,
In this unemployment compensation case the bureau, the referee and the board all held that the appellant was disqualified from receiving unemployment compensation benefits under the provisions of §402(e) of the Unemployment Compensation Law, 43 PS §802--(e), when he was discharged for refusing to perform -ah overtime assignment without a valid reason for so doing.
'■'-■ The' employer had built a new building and wanted -to move from the old building to the new building. The employes were notified of the arrangements to move and for that weekend they were asked to work on Saturday and Sunday to accomplish the moving. The Appellant was informed, when employed, that he might be required to work overtime and he was also informed .that he would be paid time and half time for the overtime. ...
. .. By a long line of cases we have interpreted the phrase “willful misconduct” used in the Unemployment Compensation Law, to include, among other -things, failure to comply with instructions: Detterer Unemployment Compensation Case, 168 Pa. Superior *172 Ct. 291, 294, 295, 77 A. 2d 886; failure to perforin assigned duties: Sopko Unemployment Compensation Case, 168 Pa. Superior Ct. 625, 82 A. 2d 598; and many-other similar matters. This case clearly falls within the rationale of those cases.
Decision affirmed.