410 A.2d 779

**Charles BUSS, Appellant,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW.**

Supreme Court of Pennsylvania.

Argued Oct. 16, 1979.

Decided Feb. 1, 1980.

Charles Buss, in pro. per.

Sydney Reuben, Charles G. Hasson, Asst. Attys. Gen., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This is an appeal from a decision of the Commonwealth Court which affirmed the Unemployment Compensation Board of Review's determination that a Referee properly denied unemployment compensation for appellant, Charles Buss.[1]

Appellant was last employed as a nixie clerk in a central mark-up system of the United States Postal Service. The system where appellant worked was relocated to another city in May of 1974, at which time appellant was informed he would have no work to do thereafter. Appellant was not separated from the rolls of the Postal Service but rather was given a choice of using accrued annual leave or sick leave or

1. *Unemployment Compensation Board of Review v. Buss*, 26 Pa. Cmwlth. 160, 362 A.2d 1113 (1976).

being placed on indefinite leave without pay pending resolution of his disability retirement case with the Civil Service Commission. (Management, not appellant, had applied for his disability retirement.)

Appellant turned down annual leave pay, saying he does not wish to use up annual leave if he has been laid off. With regard to sick leave pay, appellant claims that despite his affliction with rheumatoid arthritis he is able to work and could not truthfully sign a statement, required in an application for sick leave, that he is incapacitated for duty by sickness. Prior to becoming a nixie clerk, appellant was a mail carrier. However, the Postal Service's Regional Medical Officer recommended that, due to appellant's debilitating arthritis, appellant should no longer be permitted to drive a mail truck because driving with such a condition would be hazardous. The Medical Officer recommended that appellant be given a clerk's job, apparently believing appellant was not incapacitated for duty as a clerk, and just three (3) months after appellant began working as a nixie clerk the central mark-up system was moved. The Referee's findings of fact concluded that appellant is able and available for suitable work. Appellant's refusal to accept annual leave or sick leave resulted in his being placed on leave without pay.

The sole issue on appeal is whether the Referee correctly determined that appellant is not "unemployed" under the following definition of unemployment contained in the Unemployment Compensation Law, Act of December 5, 1936, P.L. (1937) 2897, *as amended*, 43 P.S. § 753(u) (1964):

(u) "Unemployed."

*An individual shall be deemed unemployed* (I) *with respect to any week* (i) during which he performs no services for which remuneration is paid or payable to him and (ii) *with respect to which no remuneration is paid or payable to him,* or (II) with respect to any week of less than his full-time work if the remuneration paid or payable to him with respect to such week is less than his weekly benefit rate plus his partial benefit credit . . (Emphasis added)

Appellant performed no services for the Postal Service after the central mark-up facility was moved to another city: hence, condition (i) above is satisfied. Compensation for appellant was denied, however, on the ground that accumulated annual and/or sick leave pay are "remuneration" payable for the claim weeks so condition (ii) above would not be satisfied and consequently appellant would not be "unemployed" for purposes of the Unemployment Compensation Law. We have never determined whether either sick pay or annual leave pay is "remuneration" such as would render the definition of "unemployed" unsatisfied. Sick leave pay, however, is not "payable" if a claimant would have to falsely state that he is incapacitated in order to receive such pay. Appellant's refusal to falsify information in order to receive sick leave is commendable. Further, based on the history of the Unemployment Compensation Law hereafter discussed, the accumulated annual vacation pay to which appellant was entitled is not *remuneration . . . payable to him*" "*with respect to*" the claim weeks: hence, appellant was "unemployed" for purposes of the Unemployment Compensation Law.

The Unemployment Compensation Law contains no definition of "remuneration". In *Gianfelice Unemployment Compensation Case*, 396 Pa. 545, 555, 153 A.2d 906, 911 (1959) we stated: "'Remuneration' is generally defined as payment for services performed . . ." It is clear that under the definition of "unemployed" in effect prior to 1964 vacation pay was to be treated as "remuneration". This definition was revised by the legislature in 1964 to delete the language declaring that vacation pay be deemed "remuneration".[2]

**2.** Prior to 1964, the following definition of "unemployed" was contained in Section 4(u) of the Act, 43 P.S. § 753(u):

"(u) 'Unemployed.'—An individual shall be deemed unemployed (I) with respect to any week (i) during which he performs no services for which remuneration is paid or payable to him and (ii) with respect to which no remuneration is paid or payable to him, or (II) with respect to any week of less than his full-time work if the remuneration paid or payable to him with respect to such week is less than his weekly benefit rate plus his partial benefit credit. [Provided, That for the purposes of this subsection *vacation pay*

Simultaneously, Section 404(d) of the Act, 43 P.S. § 804(d) was amended to require that vacation pay be used to reduce the amount of compensation which the "unemployed" are entitled to receive.[3]  Section 404(d) was subsequently further amended to eliminate the deduction of vacation pay in situations where employees are indefinitely placed on leave from employment.[4]  The combined effect of these amendments evidences a legislative intent to treat vacation pay not

and similar payments, wages in lieu of notice, separation allowances, dismissal wages and similar payments, whether or not legally required to be paid, *shall be deemed remuneration* paid or *payable* with respect to such period as shall be determined by the rules and regulations of the department  .   .  ]" (Brackets and emphasis added)

The Act of 1964, Special Sess., March 24, P.L. 53, No. 1, § 1 deleted the bracketed portion of this definition.  In *Sopko Unemployment Corp. Case*, 168 Pa.Super. 625, 82 A.2d 598 (1951), unemployment compensation was disallowed for weeks when vacation pay was received.  However, *Sopko*, relied upon by Commonwealth Court in denying compensation for appellant, was decided before the changes in the law herein discussed were made.

3. The Act of 1964, Special Sess., March 24, P.L. 53, No. 1, § 6 amended Section 404(d) of the Act, 43 P.S. § 804(d) to read:

"(d) Notwithstanding any other provisions of this section each eligible employe who is unemployed with respect to any week ending subsequent to the first day of July, one thousand nine hundred sixty-four, shall be paid, with respect to such week, compensation in an amount equal to his weekly benefit rate *less* the total of (1) that part of the remuneration, if any, paid or payable to him with respect to such week for services performed which is in excess of his partial benefit credit, (2) *vacation pay, if any*, (3) severance or separation allowances or dismissal wages and similar payments, the payment of or eligibility for which is made or conditioned upon a temporary, indefinite or permanent separation from employment  .   .  ." (Emphasis added)

4. Section 404(d) of the Act, 43 P.S. § 804(d) was amended in 1968 and 1971 to read as follows:

(d) Notwithstanding any other provisions of this section each eligible employe who is unemployed with respect to any week ending subsequent to the first day of October, one thousand nine hundred seventy-one, *shall be paid, with respect to such week*, compensation in an amount equal to his weekly benefit rate *less* the total of (i) the remuneration, if any, paid or payable to him with respect to such week for services performed which is in excess of his partial benefit credit; (ii) *vacation pay, if any, except when paid to an employe who is permanently or indefinitely separated from his employment*  .   .  . (Emphasis added)

as remuneration that would negate the status of being "unemployed" but rather treat accumulated annual vacation pay as merely a factor in computing benefit amounts. Appellant was placed on an indefinite leave from employment and was, therefore, entitled to unemployment compensation without a deduction for vacation pay available to him. On remand, the amount of compensation payable shall be determined.

Order reversed and case remanded.

ROBERTS, J., filed a dissenting opinion.

MANDERINO, J., did not participate in the decision in this case.

ROBERTS, Justice, dissenting.

Unlike the majority, I am not satisfied that on this record appellant may both refuse accrued leave pay and claim "unemployed" status under section 401 of the Unemployment Compensation Law, Act of December 5, 1936, P.L. (1937) 2897, as amended, 43 P.S. § 801. The Unemployment Compensation Law defines "unemployed" as:

> "An individual shall be deemed unemployed (I) with respect to any week (i) during which he performs no services for which remuneration is paid or payable to him and (ii) with respect to which no remuneration is paid or payable to him . . . ."

§ 4(u), 43 P.S. § 753(u). The Commonwealth Court and the Unemployment Compensation Board of Review correctly concluded that accrued leave pay was "payable" to appellant and therefore appellant was not "unemployed" under the statutory definition. Accordingly, I would affirm the order of the Commonwealth Court affirming the order of the Unemployment Compensation Board of Review denying appellant benefits.