**FORD BULK, INC., Appellant,**

v.

**Delbert HARDWICK, Jr., and Kentucky Unemployment Insurance Commission, Division for Unemployment Insurance, Department for Human Resources, Commonwealth of Kentucky, Appellees.**

Court of Appeals of Kentucky.

Oct. 1, 1982.

Ordered Published Nov. 26, 1982.

Ralph T. McDermott, Welch, McDermott, Purdom & Schneider, Ashland, for appellant.

George C. Howell, Adkins, Hall, Howell & Duggan, P.S.C., Ashland, Paul F. Fauri, Gen. Counsel, Martin Z. Kasdan, Jr., Atty., Dept. for Human Resources, Frankfort, for appellees.

Before HAYES, C.J., and COOPER and WHITE, JJ.

HAYES, Chief Judge:

Ford Bulk, Inc. appeals a judgment of the Boyd Circuit Court which upheld an order of the Kentucky Unemployment Insurance Commission granting unemployment insurance benefits to Delbert Hardwick, Jr.

Hardwick began working for Ford in April of 1979, as a fuel truck driver. On March 2, 1981, Hardwick was discharged by Ford. Hardwick had been placed on warning by Ford's driver review committee prior to January 5, 1981. The warning concerned Hardwick's attitude and job performance. On January 5, 1981, another meeting was held at which Hardwick was present. This meeting centered around a delivery incident in which Hardwick refused to back his truck into a delivery zone rather than pull it in which could not be done because another vehicle blocked the way. Hardwick stated that he did not think the procedure was safe because he was having difficulty with the steering. This action prompted a complaint from the buyer to Ford. As a result of this hearing, Hardwick was put on final warning.

The main incident which prompted Hardwick's dismissal occurred on February 20th and 21st. It is this incident to which Ford directs its argument on appeal. Ford contends that Hardwick was unavailable to work on Friday, February 20th and Saturday, February 21st. Hardwick responds, and the commission found, that he had not been notified that he was supposed to work. A review of the record reveals substantial evidence to support the commission's finding.

Hardwick testified that he rarely worked Friday or Saturday. If his services were required he would be telephoned one to two hours before he was to report. Claude Brown, Ford's director of operations, testified that often it was not necessary to work Friday or Saturday, but that Hardwick had not yet worked a full week. Hardwick stated that he had already hauled his normal number of loads, so he really did not

expect to be called for Friday. It is agreed that if he were to have been called on Friday, he would have to have been called before one o'clock. Ford's records show that he was called three times with no response, but the calls were placed after two o'clock. Therefore it was reasonable for the commission to determine that Hardwick was not notified that he was supposed to work and that, as a result, no misconduct had been committed disqualifying Hardwick from receiving benefits. KRS 341.-370(1)(b). The findings are supported by substantial evidence and will not be disturbed by us on appeal. *Brown Hotel Company v. Edwards,* Ky., 365 S.W.2d 299 (1962).

Ford also contended on appeal that the trial court defined misconduct too rigidly. Because we agreed that Hardwick could not have committed misconduct no matter how it is defined because he received no notice from Ford concerning his Friday work, the argument need not be discussed. However, we would note that, as the commission states in its brief, the standards concerning misconduct are adequately discussed in *Brown Hotel Company v. White,* Ky., 365 S.W.2d 306 (1962) and *Brown Hotel Company v. Roberts,* Ky., 365 S.W.2d 308 (1962).

The judgment is affirmed.

All concur.