**Shauna L. BAYLE, Plaintiff,**

v.

**BOARD OF REVIEW OF the INDUSTRIAL COMMISSION OF UTAH, DEPARTMENT OF EMPLOYMENT SECURITY, Defendant.**

No. 20264.

Supreme Court of Utah.

May 24, 1985.

L. Zane Gill, Salt Lake City, for plaintiff.

K. Allan Zabel, Salt Lake City, for defendant.

HALL, Chief Justice:

Petitioner Shauna L. Bayle appeals a decision of the Board of Review of the Industrial Commission declaring her to be ineligible for unemployment benefits for the period of time that she received accrued vacation pay in excess of the weekly benefit amount she would otherwise have been entitled to. U.C.A., 1953, § 35–4–5(h)(2). We affirm.

Petitioner was separated from employment with the Salt Lake Valley Convention and Visitors Bureau on June 15, 1984, and filed an initial claim for unemployment compensation benefits on June 17, 1984. Petitioner's employer reported on the departmental form requesting wage and separation information that petitioner was entitled to accrued vacation pay in the amount of $1,116.61, to be paid through July 24, 1984 (five weeks, thirteen hours of accrued leave pay). The administrative law judge determined that petitioner was ineligible to receive benefits for the period beginning June 17, 1984, and ending July 21, 1984, on the ground that she had received vacation pay in excess of the weekly benefit amount that would otherwise have been due her for each of those weeks. U.C.A., 1953, § 35–4–5(h)(2). Petitioner was thus denied benefits from June 17 to July 28, 1984.[1] The Board of Review affirmed the decision of the administrative law judge.

Section 35–4–5(h)(2), relied on by the Board, provides:

---

1. The week ending July 28 was credited as petitioner's statutory waiting period. U.C.A., 1953, § 35–4–4(d).

5. An individual is ineligible for benefits or for purposes of establishing a waiting period:

. . . .

(h) For any week with respect to which he is receiving, has received, or is entitled to receive remuneration in the form of:

. . . .

(2) Accrued vacation or terminal leave payment.

Provided that if the remuneration is less than the benefits which would otherwise be due, he is entitled to receive for that week, if otherwise eligible, benefits reduced as provided in subsection 35-4-3(c).

■ The construction of a statute by the governmental agency charged with its administration will be given considerable weight by this Court.[2] However, that construction is still subject to judicial review for consistency with the governing legislation and prior decisions of this Court.[3]

■ Petitioner asserts that the department's interpretation of the statute is incorrect and that payment of accrued vacation pay should not disqualify her from receipt of unemployment benefits for those weeks. This contention ignores the plain language of the statute: a person is ineligible for benefits for any week in which that person is receiving, has received, or is entitled to receive accrued vacation pay. Petitioner had accrued vacation time of five weeks and thirteen hours. The fact that she received a lump sum payment for that accrued vacation time does not change the result.

■ There is no question that other jurisdictions have held that employees who receive vacation benefits upon their permanent discharge from employment were entitled to unemployment compensation benefits for the period covered by the vacation payments.[4] However, those decisions are not controlling in this Court. Furthermore, in those cases, the courts have been interpreting specific statutory law or reacting to the particular circumstances of each case.[5] Where, as here, there has been specific statutory direction by the legislature that payment for accrued vacation after termination makes a claimant ineligible for unemployment benefits for that period for which the claimant received accrued pay, the courts have held claimants ineligible for benefits.[6]

U.C.A., 1953, § 35-4-2 declares that unemployment is a serious menace to the health, morals, and welfare of the people of the state and requires action by the legislature "to prevent its spread and to lighten its burden which now so often falls with crushing force upon the unemployed worker and his family . . . . This objective can be furthered by . . . [providing benefits] for periods of unemployment, thus maintaining purchasing power and limiting the serious social consequences of unemployment."[7]

■ Where a worker receives remuneration in the form of vacation pay, that worker has not lost purchasing power and is not suffering the serious social consequences of unemployment. To allow a worker to collect unemployment compensation, while at the same time receiving compensation for accrued vacation, would be to allow double recovery.[8] This would not serve the

---

**2.** *Utah Dept. of Admin. Serv. v. Public Serv. Comm'n,* Utah, 658 P.2d 601, 610 (1983) (quoting *McPhie v. Industrial Comm'n,* Utah, 567 P.2d 153, 155 (1977)).

**3.** *West Jordan v. Department of Employment Sec.,* Utah, 656 P.2d 411, 412 (1982). *See also Northwest Carriers, Inc. v. Industrial Comm'n,* Utah, 639 P.2d 138 (1981).

**4.** *See generally* Annot., 14 A.L.R.4th 1175 (1982).

**5.** *Id. See, e.g., Buss v. Unemployment Compensation Bd.,* 487 Pa. 610, 410 A.2d 779 (1980).

*Accord Hock v. Unemployment Compensation Bd.,* 50 Pa.Commw.Ct. 517, 413 A.2d 444 (1980).

**6.** *See, e.g., In re Tyson,* 253 N.C. 662, 117 S.E.2d 854 (1961). *See also* Annot., *supra* note 4, at 1194–97.

**7.** *See also Singer Sewing Mach. Co. v. Industrial Comm'n,* 104 Utah 175, 134 P.2d 479 (1943).

**8.** *See West Jordan, supra* note 3, at 414. *Accord David v. Industrial Comm'n,* 104 Utah 175, 649 P.2d 82, 84 (1982) ("there is no statutory pur-

statutory purpose of the Employment Security Act. U.C.A., 1953, §§ 35–4–1 to –26.

Plaintiff, however, relies on the following language from *West Jordan v. Department of Employment Security* for her contention that accrued vacation pay is a vested benefit earned prior to her termination of unemployment and should not be disqualifying:

> In contrast, all the statute requires to make the recipient ineligible for unemployment benefits during a comparable period is that he or she has received "remuneration in the form of: ... a dismissal or separation payment," and that the remuneration relates to the period of time following the termination of employment *rather than the period preceding it (as, for example, by compensating the employee with a bonus for services rendered or a payment for accrued vacation or unused sick leave).* (If a severance payment relates to the period following termination, the period of disqualification can be evident from the description of the payment—like the "two weeks severance pay" in this case—or, in

the case of a lump-sum payment, can be approximated by reference to the employee's most recent rate of pay.) [9]

 To the extent that this language can be read to make a claimant eligible for unemployment benefits at the same time the claimant is receiving payment for accrued vacation time, we disavow it. In light of the express language of section 35–4–5(h)(2), payment for accrued vacation is an example of remuneration received after termination of employment that would make the recipient ineligible for unemployment benefits.

The decision of the Industrial Commission is affirmed.

STEWART, HOWE, DURHAM and ZIMMERMAN, JJ., concur.

---

pose to be served in allowing what is essentially a double recovery for the same injury").

**9.** *Supra* note 3, at 413 (emphasis added).