## Devlin Unemployment Compensation Case.

Argued March 22, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent).

*Eugene Devlin,* appellant, in propria persona.

*William L. Hammond,* Special Deputy Attorney General, with him *T. McKeen Chidsey,* Attorney General, and *Richard H. Wagner,* Associate Counsel, for appellee.

OPINION BY RENO, J., July 15, 1949:

Appellant's claim for compensation was denied by the bureau, the referee and the board under the Unemployment Compensation Law, §402(e), 43 PS §802, which provides: "An employe shall be ineligible for compensation for any week . . . (e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work".

Appellant was last employed by Livingston and Co., Philadelphia, for approximately a year ending May 14, 1948, when he was discharged because of his frequent absences from work. The referee, affirmed by the board, found that during January, 1948 he had been absent 9 days; February, 5; March, 8; April, 5½; and during the first two weeks of May, 4 days. There was also a record of tardiness in reporting for work. The finding continues: "He did not start work on May 5, 1948 and when he came in later that day for his pay he was warned if he continued in being absent he would be discharged without further warning. He then worked consecutively until May 14, 1948. Saturday, May 15, 1948 was not a work day and he did not report to work on Monday, May 17, 1948 and when he reported the next day, he was discharged."

The finding is supported by substantial evidence, and it justified the board's legal conclusion of willful misconduct. It must be true that repeated absences from work without good cause, and particularly in the face of warnings by the employer, constitute willful misconduct connected with the work. The element of willfulness is present in such situations, and prejudice to the employer's interest is obvious. Absences from work affect production, frequently make it impossible to utilize to the full extent the 'services of employes who are present and, when repeated time and again, without justification, tend to disrupt the discipline and order necessary for the proper maintenance of any enterprise.

Appellant's contention is that his absences were due to illness caused by inhaling the fumes of the degreasing machine at which he was working. Of course, if conditions of the employment caused illness and his consequent absences he could not be guilty of willful misconduct. Upon this point the board found the additional fact: "The claimant worked on the degreaser on an average of two days a week. His work required him to stand on a platform for short intervals during which time he would inhale the fumes from the machines. This tended to create dizziness, but that condition would clear up when the operator got to the fresh air. The foreman had advised the claimant if and when he felt dizzy to leave and get fresh air. During the last month of the employment the claimant worked on the degreaser not more than one day. The claimant's record shows an indifference to his attendance at work."

This finding is also sustained by the evidence. The evidence which the board accepted showed that appellant's work was not confined to the degreaser. Customarily he worked about two days a week on the machine and during the balance of the week he was engaged in sweeping, burning trash and doing general porter work. When he complained that the job was too much for him,

the employer hired a new man who was assigned to the degreaser, and appellant thereafter did other work. During the last month of his employment he worked only a half-day on the degreaser, and from May 7 to May 14 he was working on an oxygen tank and helping in the construction of an incinerator for burning rubbish. There was nothing about this work which had an injurious effect on his health.

The credibility of the witnesses, the weight of their testimony and the reasonable inferences to be drawn from it are for the board. *Stillman Unemployment Compensation Case,* 161 Pa. Superior Ct. 569, 56 A. 2d 380. We cannot, even if we would, substitute our judgment for the board's upon these factors of its decision. We have carefully reviewed the entire record, and our conclusion is that the decision is supported by competent and substantial evidence.

Affirmed.