## Sauers Unemployment Compensation Case.

Argued November 15, 1950. Before HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ. (RHODES, P. J., absent).

*Gerald A. McNelis*, for appellant.

*William L. Hammond*, Special Deputy Attorney General, with him *Charles J. Margiotti*, Attorney General and *Richard H. Wagner*, Associate Counsel, for appellee.

PER CURIAM, January 12, 1951:

In this proceeding the Referee found that claimant was justifiably discharged by his employer because of wilful misconduct connected with his work, and that he accordingly was ineligible for benefits under §402(e) of the Unemployment Compensation Law as amended by the Act of May 23, 1949, P. L. 1738, 43 PS §802. The Board affirmed the decision of the Referee denying compensation. There is merit in this appeal in that a basic finding of the Board is not supported by evidence.

Claimant was employed by the United States Printing and Lithograph Company in the stock room of its plant in Erie. As custodian of materials in that department he was responsible for moulding cloth used for covering rollers in a phase of his employer's business. The testimony is that one Mereghetti, a co-worker, asked claimant to supply him with a piece of this material known as "mulletin": Mereghetti's intention was to fashion an apron out of the material for use by him in his work in the plant. Claimant complied with the request and gave Mereghetti a piece of mulletin, admittedly about 54x 21 inches in size. Claimant testified that it was an unusable remnant and for that reason was waste material. Its value, as estimated by the assistant manager of the plant, was between $3 and $4.

The Board made this finding: "2. Claimant was asked by a co-worker for a piece of moulding cloth which was to be used by the co-worker as an apron. Claimant obtained the cloth, wrapped it and placed it in his locker in the dark room, with the intention of turning it over to his co-worker. The superintendent discovered the package in the possession of the claimant and inquired as to its contents. The claimant replied 'mulletin' whereupon the superintendent directed him to open the package. Claimant opened the package dis-

closing the cloth, valued at approximately nine to ten dollars, and as a result he was discharged." The Board disqualified claimant under §402(e), on the further finding: "The claimant did not ask permission of the foreman or the superintendent to obtain the moulding cloth and his action was contrary to rules and regulations which required a requisition from the foreman or permission of the superintendent."

With the exception of the first sentence of finding 2 of the Board, quoted above, the finding is wholly unsupported by the evidence and has no basis in fact. The finding imputes larceny to the claimant whereas there was nothing surreptitious in his conduct. The material was openly given to Mereghetti and was found in Mereghetti's possession. Moreover the incident did not affect that workman's relations with his employer in any respect.

It was conceded that claimant's work was satisfactory and that he had been successful in effecting savings for his employer in the use of materials. And it is at least questionable whether claimant's unauthorized gift of mulletin to a fellow worker was the sole cause for his discharge. James H. Brisbane, Assistant Manager of the plant testified: "His work was excellent. At the time of his discharge that was taken into full consideration. His work was excellent and, as he said, he had that department in better shape than it had ever been in. He was a trouble maker. Nothing big enough to bring out in the open or discharge a man for. The reason we finally let him go in this particular case was an accumulation of this trouble making fancy of his." An order of the Board denying compensation is conclusive only when based upon findings supported by the evidence. *Stillman Unemployment Comp. Case,* 161 Pa. Superior Ct. 569, 56 A. 2d 380. And in this case we may not assume that the errors in the Board's findings of

fact do not affect the result, especially since the testimony is equivocal as to the real reason for claimant's discharge from his employment. The present claim for benefits can be disposed of only on findings which accord with the facts as found by the Board, upon supporting evidence.

The proceeding is referred back to the Board for new findings of fact based upon substantial competent evidence, and for an appropriate order, in accordance therewith.