Flynn Unemployment Compensation Case.

Crib Diaper Service, General Laundries, Inc., Appellant, *v.* Unemployment Compensation Board of Review.

Argued April 14, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ.

*Clyde E. Donaldson,* with him *Mahlon E. Lewis,* for appellant.

*William L. Hammond,* Special Deputy Attorney General, with him *Robert E. Woodside,* Attorney General, for appellee.

OPINION BY GUNTHER, J., July 14, 1953:

Rose Flynn, claimant, was discharged by the Crib Diaper Service of Pittsburgh, appellant, for alleged absenteeism. She registered for work and filed an application for unemployment compensation benefits. On July 31, 1952, the Bureau disallowed the claim on the ground that claimant was discharged from her last employment for willful misconduct under §402(e) of the Unemployment Compensation Law, 43 P.S. §802. The referee affirmed the Bureau but the Board reversed the referee, substituting its own finding of fact and allowed the claims in question.

The Crib Diaper Service of Pittsburgh, the claimant's last employer, filed the present appeal to this Court from the decision of the Board of Review. The evidence shows that claimant had a nervous breakdown in January, 1951, and lost some time from work. Thereafter she had a good record until January and February, 1952, when she missed six days due to illness. On February 7 and 8, 1952, she was ill and there is evidence that she called appellant the first day of her illness to notify her employer of the fact, but she felt it was not necessary to call again the next day. On the following week she was discharged.

The referee found that her absenteeism was justifiable but that she had failed to notify appellant and

was guilty of willful misconduct under §402(e) of the Unemployment Compensation Act. The Board, however, found that claimant did give notice of her illness on the first day, February 7, 1952. Appellant contends that the Board had no power to revise the referee's findings of fact, in the absence of a hearing before the Board itself, unless the referee's findings are unsupported by competent, credible evidence. Appellant is under a misconception as to the Board's power. "The law now is that the board, when an appeal has been taken to it, may disregard the findings of fact of the referee and may make or substitute its own findings, without taking additional testimony." *Bronkowski v. Colonial Colliery Company,* 153 Pa. Superior Ct. 574, 576, 34 A. 2d 837; *Kenny v. Esslinger's Brewery,* 161 Pa. Superior Ct. 451, 55 A. 2d 554. Examination of the evidence clearly confirms the correctness of the Board's decision. The claimant testified that she gave notice on the Thursday in question. Her employer testified that "it was possible that she could have called Mr. Miller" (her foreman). There was absolutely no testimony even remotely implying that she failed to call in to her office. We are, therefore, bound by the Board's findings.

The real issue in this case is whether claimant's failure to notify appellant of her absence on *both* Thursday and Friday was willful misconduct within the meaning of the Act. Section 402(e) provides that an employe shall be ineligible for compensation where "his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work." The record in this case clearly shows that claimant's discharge was due to her frequent absenteeism over a period of many weeks. The employer stated to the referee: "It wasn't that one particular instance that caused us to replace Rose.

This has been built up." Since each absence was due to claimant's illness, they were absences with good cause. It is clear that she was fired because her health interfered with her work and caused problems for appellant. Although appellant may have been justified in discharging her, her explainable absences do not thereby become willful misconduct, which has been defined as willful disregard of the employer's interest or rules or the standard of conduct the employer has a right to expect. *Luciano Unemployment Compensation Case*, 169 Pa. Superior Ct. 155, 82 A. 2d 600. Absence without justifiable cause has been held to constitute willful misconduct. *Devlin Unemployment Compensation Case*, 165 Pa. Superior Ct. 153, 67 A. 2d 639. Likewise, repeated absence due to illness, in the face of warnings by the employer, might constitute misconduct if the employe failed to give notice. But here is a case where claimant had justifiable cause for absence, and gave notice to her employer of her illness. We cannot say that her failure to call in on both Thursday and Friday was necessarily an intentional disregard of the employer's interest or a violation of the standard of conduct he could rightfully expect. Perhaps an employe should preferably call in each day during an illness, but the failure to do so after notice on the first day does not necessarily show that state of mind or disregard tantamount to willful misconduct.

In our opinion, the present case comes within the scope of the rulings that where no element of willful misconduct is manifest in the last occurrence, the claimant cannot be disqualified under §402(e). Having given notice on the first day of her two days absence, her failure to give notice on the second day does not constitute willful misconduct under the Act.

Decision affirmed.