Kelleher Unemployment Compensation Case.

Argued November 17, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*William H. Mendlow,* with him *Ralph D. Tive,* for appellant.

*William L. Hammond,* Special Deputy Attorney General, with him *Frank F. Truscott,* Attorney General, for appellee.

Opinion by Ross, J., April 15, 1954:

In this unemployment compensation case, the compensation authorities denied benefits to claimant, Virginia D. Kelleher, under section 402(e) of the Unemployment Compensation Law, 43 PS sec. 802, which provides: "An employe shall be ineligible for compensation for any week . . . (e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work." Claimant has appealed to this Court.

At the hearing before the referee the employer was represented by one J. M. Murray, who described himself as "Foreman of the Hubbard and Company", claimant's last employer. Claimant did not appear because she thought the hearing was to be held the following day. Murray had a very limited knowledge of claimant's relations with the employer and apparently represented the employer only because "the personnel man couldn't make it". He testified that claimant had been employed by the company as a stenographer and clerk and that her salary was "about 80 some dollars every two weeks" and that she was discharged on February 20, 1953 "For being absent too much . . . she was warned quite a number of times and we gave her quite a bit of consideration and all that". Claimant, it appeared, in a period of five months preceding her dismissal had been absent from work a total of twenty-nine days. The several absences varied in duration from one day to ten days. Her last absence from work which resulted in her discharge was from February 16 to February 20, 1953.

The Board held a hearing at which claimant and her brother appeared and gave testimony. No representative of the employer appeared at this hearing. Claimant produced a certificate from a doctor to the effect that he had been treating her for a year for "Neuroasthma" brought on by "a nervous strain fol-

lowing the sudden death of her sister, and she is taking care of her brother, who has been ill for the past four years since his discharge from the army". Claimant testified that certain of her absences were due to illness and others due to the necessity of caring for her brother when he was ill.

Excessive absenteeism without good cause in the face of a warning by the employer that further absence from work would result in dismissal, constitutes willful misconduct. *Devlin Unemployment Compensation Case,* 165 Pa. Superior Ct. 153, 67 A. 2d 639; *Sauer Unemployment Compensation Case,* 172 Pa. Superior Ct. 202, 92 A. 2d 896. Absence from work with good cause may justify an employer in discharging an employe; but such absence does not amount to willful misconduct. *Crib Diaper Service v. Unemployment Compensation Board of Review,* 174 Pa. Superior Ct. 71, 98 A. 2d 490. The referee made and the Board affirmed the following findings of fact: "2. During the course of her employment the claimant had been absent quite frequently without notice and had been warned that a continuance would result in her dismissal", and "4. On February 16, 1953 the claimant did not again report for work and did not give notification of any reason for this absence to the employer. The claimant failed to report for work from February 16 thru February 20, 1953, and at no time during this absence did she contact the employer."

An order of the Board denying unemployment compensation benefits is conclusive only when based upon findings supported by the evidence (*Sauers Unemployment Compensation Case,* 168 Pa. Superior Ct. 373, 77 A. 2d 891) and, as stated by Judge RENO in *Stillman Unemployment Compensation Case,* 161 Pa. Superior Ct. 569, 56 A. 2d 380, at pages 571-572: "Where an act ascribes conclusiveness to evidentially supported findings, substantial evidence is contemplated, that is, evi-

dence affording a substantial basis of fact from which the fact in issue can be reasonably inferred." Here there is no substantial evidence to support the findings of the compensation authorities to the effect that claimant was "absent quite frequently without notice" and that she did not "contact" the employer during her last period of absence, from February 16, 1953 to February 20, 1953. The only evidence upon which these findings could be based is the following testimony of Murray: "Q. She was off from February 16 to February 20th, that was five days and did she report her absence? A. I couldn't say absolutely for sure. I would say no. There was times she reported and a lot of times that she did not report off."

Ordinarily, a claimant, an unemployed worker in a covered employment, is presumed entitled to benefits when he registers for work and files a claim; but such presumption is, of course, rebuttable. *Sturdevant Unemployment Compensation Case*, 158 Pa. Superior Ct. 548, 560, 45 A. 2d 898; *Hassey Unemployment Compensation Case*, 162 Pa. Superior Ct. 14, 17, 56 A. 2d 400; *Mattey Unemployment Compensation Case*, 164 Pa. Superior Ct. 36, 41, 63 A. 2d 429. The burden was upon the employer to show circumstances which would bring claimant under the condemnation of a disqualifying provision of the Act, and on the record before us it is not clear that it met that burden.

It does not follow, however, that we can direct the compensation authorities to award benefits to this claimant. Her testimony in regard to the several reasons which caused her to miss work, even though uncontradicted, need not be accepted by the compensation authorities. If it is found upon substantial evidence that claimant was absent from work without good cause and that she had been warned that further absences would result in her dismissal, under the prin-

ciple of the *Devlin* case, 165 Pa. Superior Ct. 153, 67 A. 2d 639, supra, she would not be entitled to benefits.

The decision of the Board is vacated and the record is remanded for further proceedings in accordance with this opinion.