Schultz, Appellant, v. Herman's Furniture, Inc., et. al., Appellees.

(No. E-76-30—Decided November 5, 1976.)

Mr. *Ronald R. Smith*, for appellant.
Mr. *William J. Brown*, attorney general, and Mr. *Jerry Arthur Jewett*, for appellees.

Potter, J. The claimant, Diane Schultz, was employed as a salesperson at Herman's Furniture, Inc., from October 19, 1973, to June 7, 1975, where she performed her work satisfactorily until March 1975. In March, the claimant developed chronic gastritis and cholecystitis. From April through June 1975, the claimant was absent from work eleven times and tardy twelve times. Herman's Furniture, Inc., discharged the claimant due to her absenteeism and tardiness. The claimant claims her reported illness was responsible for her absenteeism and tardiness and, therefore, was not a just cause for discharge.

The Ohio Bureau of Employment Services denied the claimant unemployment benefits. The claimant's request for reconsideration was refused. An appeal filed by the claimant from that decision to the board of review was also unsuccessful. The board of review disallowed the

claimant any further appeal. The claimant filed an appeal with the Erie County Court of Common Pleas. The Court of Common Pleas affirmed the board's decision. The claimant's motion for reconsideration was not granted. This appeal followed.

Appellant claims assignments of error as follows:

"1. The decision is not sustained by the evidence and is against the manifest weight of the evidence.

"2. The decision is contrary to law."

The claimant's doctor filed three reports. In the first he answered "no" to the following question: "While under your care was there a time when this individual was not able to work?" On June 26, 1975, the physician answered the same question in the following manner: "Error was made on this section on last form. Patient has not been on sick leave, but there were times that she could not work due to her ailments stated above." On September 25, 1975, the doctor made the following report: "This is to certify that this patient was under my care from April 1, 1975 to April 30, 1975. She was unable to work. Diag Gastritis et cholecystitis. James E. Green, D. O." Claimant's evidence includes her doctor's reports and her testimony. The appellees do not refute the fact that the claimant was sick during the period in question.

The claimant was denied benefits pursuant to R. C. 4141.29, which reads, in part:

"(D) Notwithstanding division (A) of this section, no individual may serve a waiting period or be paid under the following conditions: * * *

"(2) For the duration of his unemployment if the administrator finds that:

"(a) He quit his work without just cause or has been discharged for just cause in connection with his work * * *."

In regard to initial eligibility for unemployment benefits, absenteeism and tardiness caused by a bona fide illness reported to an employer is not just cause in connection with the work, for a discharge. See annotation, 41 A. L. R. 2d 1158, Section 9; 76 American Jurisprudence 2d 954,

955, Unemployment Compensation, Section 58; *Milwaukee Transformer Co.* v. *Indus. Comm.* (1964), 22 Wis. 2d 502, 126 N. W. 2d 6; *Kelleher* v. *Unemployment Comp. Bd. of Review* (1954), 175 Pa. Super. 261, 104 A. 2d 171; *Crib Diaper Service* v. *Unemployment Comp. Bd. of Review* (1953), 174 Pa. Super. 71, 98 A. 2d 490.

In the case at bar, the claimant did notify Herman's Furniture that she would be absent or tardy because of illness. Assignments of error Nos. 1 and 2 are well taken.

We do not reach the issue of whether an employee, who because of illness is not available for work or for the same reason withdraws from the labor market, qualifies for unemployment benefits. See 54 Ohio Jurisprudence 2d 332, Unemployment Compensation, Section 45; 76 American Jurisprudence 2d 979, Unemployment Compensation, Section 74; R. C. 4141.29(A).

On consideration whereof, the court finds substantial justice has not been done the party complaining, and the judgment of the Erie County Court of Common Pleas is reversed.

*Judgment reversed.*

BROWN, P. J., concurs.

WILEY, J., dissenting. Initially, it is submitted that the claimant's contention that her illness caused her to be absent from work eleven times and late for work twelve times within a three-month period preceding her discharge is highly questionable. The nature of the claimed illness itself, the ambiguous statements in the doctor's reports, and the fact that the doctor saw the claimant on only two occasions, April 1st and April 15th, were facts to be considered by the referee in making his decision.

The only diagnosis of illness made by the doctor was "gastritis et cholecystitis." In Stedman's Medical Dictionary (2d lawyers ed. 1972), gastritis is defined as "inflamation of the stomach." A wide range of various illnesses could be covered by such a broad definition. Cholecystitis is defined simply as "inflamation of the gall bladder."

On his original report the doctor stated in effect that while the claimant was under his care there was not a time that she was not able to work. He did correct this in a later report indicating that he had made an error on the medical information report on the Ohio Bureau of Employment Services form in that there was a time when the individual was under his care when she was not able to work, and the doctor further stated "patient has not been on sick leave but there were times that she could not work due to her ailments stated above," and the ailments stated above were "probable chronic gastritis and cholecystitis." In a later medical report, on September 25, 1975, submitted after the referee's hearing, the doctor indicated that the patient was under his care from April 1st, 1975 to April 30th, 1975. He wrote: "She was unable to work. Diag gastritis et cholecystitis." The doctor does not explain how he reached the opinion that she was unable to work, nor does he state on what days she was unable to work. Furthermore, he makes no statement that the illness was related in any way to the repeated tardiness of the claimant. No medical report is made for the entire month of May or June to the date of discharge; however, claimant was absent from work May 20th, May 25th and 26th and June 6th. Moreover, the claimant was tardy on May 6th, May 21st and June 7th.

On a factual basis, the decision of the administrator concurred in by the referee that the employee was discharged for just cause in connection with the work is fully supported by the record. An application to institute a further appeal was disallowed by the board of review. On the appeal to the Court of Common Pleas, the court stated that upon a consideration it found that "the decision of the board of review was not unlawful, unreasonable, or against the manifest weight of the evidence and said decision of the board of review is affirmed. * * *"

Ordinarily, the Court of Appeals will not substitute its judgment for that of the board of review (or referee) where there is some substantial evidence to support the finding. See *Fahl* v. *Board of Review* (1965), 2 Ohio App. 2d 286, which reads, in part, as follows:

"A Common Pleas Court may not substitute its judgment for that of the Board of Review (or referee), Bureau of Employment Compensation, on factual issues and may modify the board's decision and enter final judgment only where the facts are not in dispute and such undisputed facts constitute substantial, credible evidence of probative value on the issues to be determined." (Paragraph one of the syllabus.)

The majority opinion states: "absenteeism and tardiness caused by a bona fide illness reported to an employer is not just cause, in connection with the work, for a discharge." I find this statement to be overly broad. The cases cited by the majority interpret statutes which are worded differently from the Ohio statute. For example, the statutes in Pennsylvania provide that an employee shall be ineligible for compensation if his discharge is for "* * * willful misconduct connected with his work * * *." Penn. Stat. Anno. 43-802(2)(e); See, also, Wis. Stat. 108.04(5)(1953). In Ohio, R. C. 4141.29(D)(2) provides, in part: "* * * or has been discharged for just cause in connection with his work * * *."

In *Kelleher* v. *Unemployment Comp. Bd. of Review* (1954), 175 Pa. Super. 261, 104 A. 2d 171, the court states, at page 172:

"Absence from work with good cause may justify an employer in discharging an employee; but such absence does not amount to willful misconduct. *Crib Diaper Service* v. *Unemployment Compensation Board of Review*, 174 Pa. Super. 71, 98 A. 2d 490."

In *Crib Diaper Service* v. *Unemployment Comp. Bd. of Review* (1953), 174 Pa. Super. 71, 98 A. 2d 490, the following was held, in paragraph three of the syllabus:

"In an unemployment compensation case, in which it appeared that claimant had been frequently absent because of ill health; and that she gave notice to her employer on the first day of her last absence but failed to notify him of her illness on the second day; it was *Held* that (1) claimant's absences because of illness were with good cause and did not constitute willful misconduct; and

(2) claimant's failure to give notice also on the second day of her last absence did not constitute willful misconduct."

These statements from cases cited in the majority opinion indicate that the employer could have just cause for discharging the employee because of illness. Although in Pennsylvania the employee would be paid, in that such conduct would not constitute "willful misconduct," under the Ohio statute it could be conduct permitting a discharge "for just cause in connection with his work."

We find no reported cases in Ohio on the precise point of law herein; however, attention is called to an unreported case wherein a discharge was made because of excessive absences together with numerous incidents of tardiness caused at least, in part, by illness. *Blevins* v. *Admr. and Western Elecrtic Co., Inc.,* Court of Appeals for Franklin County, No. 74 AP-434, decided February 11, 1975, cited in 8 CCH Unemploy. Ins. Reptr. p. 38,702, Ohio para. 8927.

In the case *sub judice,* the record does not disclose the size of the business involved. It is respectfully submitted that the type of operation, the number of employees, and the relative importance of any single employee would be factors to be considered. For example, in a small restaurant with only three or four employees, the work record of the cook which indicated he was absent eleven times and tardy twelve times in a period of twelve weeks, even though undisputedly caused by illness, could probably be considered by the employer as just cause for discharge.

Even if it were determined that the claimant herein was discharged solely because of absenteeism and tardiness resulting from a bona fide illness, the referee could have lawfully concluded that the discharge was "for just cause." The decision of the Court of Common Pleas affirming the decision of the board of review of the Ohio Bureau of Employment Services should be affirmed.