**WADDELL, Appellee,**

**v.**

**BARKAN & NEFF et al., Appellants. (Two cases.)**

[Cite as *Waddell v. Barkan & Neff Co., L.P.A.* (1989), 62 Ohio App.3d 158.]

Court of Appeals of Ohio,
Franklin County.

Nos. 88AP–663, 88AP–674.

Decided April 18, 1989.

*Tyack & Wright* and *Carol A. Wright,* for appellee Susan K. Waddell.

*Barkan & Neff Co., L.P.A.,* and *Frank J. Neff,* for appellant Barkan & Neff Co., L.P.A.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *George H. Calloway,* for appellant Ohio Bureau of Employment Services.

---

REILLY, Judge.

The application for unemployment compensation benefits filed by appellee Susan K. Waddell ("appellee") was denied because she had been discharged from her employment for just cause. She requested reconsideration.

The reconsideration was sustained on June 17, 1987, and it was held that she had been discharged without just cause. Appellant Barkan & Neff Co., L.P.A. ("Barkan & Neff") filed a notice of appeal to the Unemployment Compensation Board of Review ("board"). A hearing was held before a referee of that board. The referee rendered a decision on July 23, 1987 reversing the administrator's reconsideration decision, which was approved by the board. An appeal to the board of review was overruled. The cause was appealed to the common pleas court.

The common pleas court reversed the decision of the board. The court found that appellee had not abandoned her employment and that the board could not consider the issue of the discharge.

The record shows that appellee filed an application for unemployment benefits on April 8, 1987. She was last employed by Barkan & Neff from August 11, 1986 until February 27, 1987 as an associate attorney.

Appellee met with Barkan & Neff's managing partners on February 27, 1987 for a six-month evaluation. The purpose was to review her job performance during her first six months of employment and to consider her for a salary increase. The managing partners informed her that there would not be a raise because of her unsatisfactory work. This was emotionally upsetting to her and she left the meeting without further comment. While leaving the office, she met a fellow associate, Joseph Golian, and told him that she did not receive a salary increase. Without further discussion, she left the building.

Later that day, appellee telephoned the office and spoke to the same associate. She informed him that it was necessary for her to take a two-week leave of absence and her doctor would contact the firm. Further, she briefed him on what needed to be done on several cases assigned to her while she was gone. The associate relayed the information to one of the managing partners who made arrangements for handling appellee's duties. Appellee returned to work on the evening of March 1, 1987. Her office had been cleared. She did not contact Barkan & Neff until more than a week later when she sought a job reference.

Barkan & Neff have filed a statement of the issues, which will be considered as assignments of error:

"I. The trial court erred in confusing as two distinct issues, an employee's abandoning her work and an employer's discharge of that employee for just cause when, as a matter of law, an employee's improper abandoning of her work constitutes just cause for discharge.

"II. The trial court erred in abusing its discretion when, acting as an appellate court, it substituted its judgment for that of the Unemployment Compensation Board of Review without a reasonable basis when the board's decision was supported by some competent, credible evidence going to all the essential elements of the dispute."

Appellant Ohio Bureau of Employment Services ("OBES") has also appealed, including the following assignment of error:

"The common pleas court erred in finding that it was improper for the board of review to deny benefits to the appellee on grounds other than those asserted by the employer."

■ In the first assignment of error, Barkan & Neff claims that the common pleas court erred because it confused the issues of job abandonment and just cause for discharge as two separate questions when the only issue was just cause.

The common pleas court may properly reverse the decision of the board of review if the decision is unlawful, unreasonable, or against the manifest weight of the evidence. R.C. 4141.28(O). Moreover, the court is required to review the evidence to determine if it is consistent with the referee's decision. The credibility of conflicting testimony and the weight to be given the evidence are basically matters for the referee and the board of review. *Brown–Brockmeyer Co. v. Roach* (1947), 148 Ohio St. 511, 36 O.O. 167, 76 N.E.2d 79. Notwithstanding, courts should reverse an agency's ruling which reaches an unreasonable conclusion from essentially undisputed evidence at the administrative hearing. *Opara v. Carnegie Textile Co.* (1985), 26 Ohio App.3d 103, 26 OBR 312, 498 N.E.2d 485, paragraph one of the syllabus.

The referee concluded that appellee was fired for just cause because " * * * she failed to show up for work or failed to properly request a leave of absence after being denied a raise. * * * " The claim that appellee failed to report for work is not supported by the record. The transcript indicates that appellee's attendance on the job was satisfactory. She was working at her office on West Broad Street at the time of the meeting which led to the chain of ·events resulting in her discharge.

Although she did not return to her office after the meeting with the managing partners, she notified Barkan & Neff, as indicated above, by explaining to an associate attorney when she was unable to reach either of the managing partners that she was ill and required a two-week leave of absence. The notification was approximately one hour after she left the meeting. Thereafter, her illness was confirmed by a letter from her treating physician the following week. There is evidence in the transcript that appellee suffered from chronic depression.

The burden of proving that the illness was not valid was upon Barkan & Neff. The only evidence presented was that Barkan & Neff was not aware of appellee's illness. Thus, the evidence reviewed by the common pleas court was undisputed as in *Opara v. Carnegie Textile Co., supra.* The lack of awareness did not effect the issue of whether appellee could be discharged for just cause when she unexpectedly left work due to an illness.

■ Abandonment reflects a willful act within a person's control. It also implies intention not to return. In this case, both appellee and Golian testified that she called her employer within two hours of leaving the meeting to notify

them that she needed a leave of absence. They also testified that she gave instructions to Golian as to the matters which required immediate attention.

Moreover, appellee notified her employer through Golian how she could be reached by leaving a friend's name who would know her telephone number. Further, as indicated above, appellee had her doctor verify her need for a leave of absence and her inability to work. The contention that appellee failed to properly request leave was also not supported by the record. Hence, the record does not show that appellee abandoned her work.

Barkan & Neff's first assignment of error is overruled.

In its second assignment of error, Barkan & Neff assert that the common pleas court abused its discretion by substituting its judgment for that of the board. Abuse of discretion involves a decision without a reasonable basis, which is definitely wrong. *Angelkovski v. Buckeye Potato Chips Co.* (1983), 11 Ohio App.3d 159, 11 OBR 242, 463 N.E.2d 1280.

The record in this case, as indicated above, shows that there was no job abandonment by appellee. Hence, if there was no abandonment, there was no just cause for discharge. In the context of this case, abandonment and just cause for discharge are the same.

The evidence at the hearing, as noted above, was essentially undisputed. The transcript shows that appellee left the meeting with the managing partners because of an emotional upset, which caused her inability to remain at work. There was medical verification of her illness. Although not formal or direct, there was notice to the managing partners of appellee's inability to work and her need for a leave of absence.

It is reiterated that the foregoing evidence does not constitute abandonment. Since the common pleas court could not find that appellee abandoned her job, there was no just cause for discharge. In this case, the record does not disclose that Barkan & Neff demonstrated sufficient fault by appellee to warrant discharge. See *Sellers v. Bd. of Review* (1981), 1 Ohio App.3d 161, 1 OBR 473, 440 N.E.2d 550. Thus, there was no abuse of discretion by the common pleas court.

Barkan & Neff's second assignment of error is overruled.

Appellant OBES contends that the common pleas court erred in determining that it was improper for the board to deny benefits to appellee on grounds other than those advanced by the employer. The common pleas court's decision includes the following:

"This action comes before the Court upon appeal by Susan Waddell from a Decision of the Unemployment Compensation Board of Review dated Septem-

ber 17, 1987.  Upon review of the record and arguments of counsel the Court finds that the Decision must be REVERSED.

"The claim by the employer up through and including the hearing before a hearing officer of the Board was that appellant abandoned her employment. The hearing examiner and the Board determined that appellant was discharged for just cause.  Since this basis was never claimed by the employer, it is improper to have considered it.  The employer contended throughout the proceedings that the appellant abandoned her job.  This was not a claim that was supported by the record.  The Decision of the Board is against the manifest weight of the evidence and not in accordance with the law and must therefore be REVERSED.  * * * "

The specific reference of the court to abandonment includes a consideration of the referee's determination of failure to report for work or failure to properly request a leave of absence.  These reasons involve appellee not being at work on the Friday afternoon following her meeting with Barkan & Neff's managing partners.  While Barkan & Neff labels that "abandonment" and the referee labels it "failure to show up or failure to properly request a leave of absence," the transcript indicates that the primary issue in this context is appellee's illness.  Absence because of a bona fide illness, which was verified by appellee's doctor and was not disputed by either of the appellants, is not just cause for discharge under R.C. 4141.29.  *Schultz v. Herman's Furniture, Inc.* (1976), 52 Ohio App.2d 161, 6 O.O.3d 159, 368 N.E.2d 1269.  Thus, the common pleas court did not abuse its discretion by finding that the decision of the board was against the manifest weight of the evidence and contrary to law.  *Angelkovski v. Buckeye Potato Chips Co., supra.*

Appellant OBES's assignment of error is overruled.

For the foregoing reasons, the judgment of the common pleas court is affirmed.

*Judgment affirmed.*

BRYANT and COX, JJ., concur.

DONALD A. COX, J., of the Gallia County Court of Common Pleas, sitting by assignment.