Defendant-appellant, Ohio Bureau of Employment Services, appeals the decision of the Mahoning County Court of Common Pleas reversing the decision of the Ohio Unemployment Compensation Board of Review and ordering appellant to pay unemployment compensation benefits to plaintiff-appellee, Joseph Booth.
On December 27, 1996, appellee was discharged by his employer Y.S.D. Industries for violating the terms of a last-chance agreement the parties had entered into. On January 7, 1997, appellee filed a claim for unemployment compensation which, although initially allowed, was denied by appellant on February 4, 1997 on the grounds that pursuant to R.C. 4141.29(D)(2)(a), appellee had been discharged for just cause in connection with work. Upon request for reconsideration, appellant affirmed its earlier decision.
On April 29, 1997, appellee filed an appeal with the Ohio Unemployment Compensation Board of Review. A hearing was held on May 28, 1997, at which appellee and his former employer were present. Evidence adduced at the hearing revealed that the employer had an absenteeism policy wherein three absences within a three-month period would result in a three-day suspension. Further, an additional three absences would result in a five-day suspension and would subject the employee to discharge. Although generally the employer did not consider an employee's reasons for being absent, there were a few exceptions to this, including death of a family member. The employer testified that appellee had been reprimanded for absenteeism on April 19, 1995, October 10, 1995, December 14, 1995, and on February 2, 1996, after which appellee had served a three-day suspension. On May 21, 1996, appellee was discharged for continued attendance problems.
Following the discharge, on June 10, 1996, appellee and his employer entered into a last-chance agreement whereby appellee was reinstated to his former position with the understanding that three occasions of absenteeism within a six-month period would result in discharge. Appellee missed work on July 29, 1996, November 18, 1996 and December 27, 1996. According to appellee he missed work on July 29, 1996 because his allergies were so bad that he could not work, he was absent on November 18, 1996 because he had the flu, and he was absent on December 27, 1996 because of a 104 degree fever and a virus. For the latter of these absences, appellee introduced a doctor's note into evidence. On all three occasions, appellee testified that he reported off work in accordance with the employer's policy. Following appellee's absence on December 27, 1996, appellee was discharged for violating the last-chance agreement.
Following the hearing, the hearing officer affirmed the disallowance of benefits in a decision mailed on May 29, 1997. Appellee subsequently filed an application to institute further appeal, which request was denied in a decision mailed on July 22, 1997. On August 21, 1997, appellee filed a notice of appeal in the Mahoning County Court of Common Pleas pursuant to R.C.4141.28(O)
The magistrate's decision filed on March 18, 1998 found that appellee had not been discharged for just cause under R.C.4141.29(D)(2)(a) because appellee's third absence under the last chance agreement had been caused by a bona fide illness. In part, the decision stated as follows:
 "The Board's error was in viewing Booth's term of employment as beginning in 1992 and ending on December 27, 1996, and then basing his discharge on his absenteeism throughout those years. In fact, however, Booth's first term of employment ended by discharge in May, 1996 for absenteeism. His employment in June, 1996 was a new employment contract with different terms and conditions. There was no policy or contractual progressive discipline in the second employment contract for absenteeism; for the first two absences, no discipline would result, but for the third absence discharge was automatic regardless of cause.
 "Booth's third absence, caused by a bona fide illness, was sufficient to justify his discharge under his employment contract, but was not just cause under R.C. 4141.29(D)(2)(a)."
Following the filing of appellant's objections to the magistrate's decision, on April 23, 1998, the trial court adopted the decision of the magistrate as its own and ordered appellant to pay appellee's claim. It is from this decision that appellant brings this timely appeal consisting of a single assignment of error which states:
 "The common pleas court erred in its decision reversing the Ohio Unemployment Compensation Review Commission's[1] finding that claimant was discharged for just cause as there is competent, credible evidence in the record that claimant violated the terms of his employer's absenteeism policy."
Appellant argues that appellee was discharged for just cause in connection with work as provided for under R.C. 4141.29(D)(2)(a). According to appellant, excessive tardiness and absenteeism is just cause for termination, (citing Kiikka v. Ohio Bur. of Emp.Services [1985], 21 Ohio App.3d 168). Appellant also claims that an employee who violates an employer's no-fault attendance policy can be discharged for just cause, (citing Sutherlin v. InterstateBrands Corp. [1992], 79 Ohio App.3d 635, Coleman v. Ohio Bur. ofEmp. Serv. [Nov. 30, 1995], Cuyahoga App. No. 68853, unreported, and Hurst v. Ohio Unemployment Comp. Ed. of Rev. [Feb. 10, 1995], Trumbull App. No. 94-T-5084, unreported).
Appellant notes that with very few exceptions appellee's employer considers only the number of absences and not the reasons an employee is off work. Appellant claims that appellee presented no evidence of having seen a doctor in connection with any of the illnesses which caused appellee's final three absences from work. According to appellant, the employer was entirely justified in terminating appellee as the absenteeism policy served a valid interest in keeping absenteeism to a minimum.
In response, appellee cites Shultz v. Herman's Furniture
(1976), 52 Ohio App.2d 161, for the proposition that absenteeism caused by a bona fide illness is not sufficient to constitute a discharge for just cause in connection with work. Appellee notes that he reported off sick each time he was absent during the six-month period of the last chance agreement, and that his employer marked his attendance record as "sick". Appellee claims his employer did not dispute his illnesses and did not request medical documentation, as it was the employer's policy that documentation was not required unless the employee was absent for an extended period of time.
Appellee also claims that just cause for discharge requires some degree of fault on the part of the employee. According to appellee, his physical condition on the three occasions in question was beyond his control, i.e., he was not at fault in being sick. Appellee was therefore faced with the dilemma of attending work while sick or staying home to recuperate. Thus, appellee argues, because he acted as any other reasonable employee would have done, he lacked the requisite fault necessary to be discharged for just cause.
In connection with this point, appellee argues that whether or not he was discharged for just cause in connection with work is a matter to be determined by the Unemployment Compensation Act rather than the terms of the last-chance agreement. That is, although the last-chance agreement gave the employer the right to discharge him, appellee contends that for purposes of unemployment compensation benefits, the determination of just cause must be made according to the terms of the Unemployment Compensation Act.
An appellate court may reverse the Unemployment Compensation Board of Review's just cause determination only if it is unlawful, unreasonable or against the manifest weight of the evidence. See Tzangas, Plakas Mannos v. Ohio Bur. of Emp. Serv.
(1995), 73 Ohio St.3d 694, at syllabus. While appellate courts are not permitted to make factual findings or to determine the credibility of witnesses, they do have the duty to determine whether the board's decision is supported by the evidence in the record. Id., at 696. In addition, the fact that reasonable minds might reach different conclusions is not a basis for reversal of a decision of the Review Board. Irvine v. Unemployment Comp. Bd.of Review (1985), 19 Ohio St.3d 15, 18.
R.C. 4141.29(D)(2)(a) prohibits the payment of benefits to an individual if the individual "has been discharged for just cause in connection with the individual's work". Just cause, in the statutory sense, is that which, to an ordinary intelligent person, is a justifiable reason for doing or not doing a particular act. Irvine, supra. What constitutes just cause is a question of fact, and the determination of purely factual questions is primarily within the province of the Review Board. See Id.
As appellee correctly notes, an employer may justifiably discharge an employee without incurring liability for wrongful discharge, but that same employee may be entitled to unemployment compensation benefits. Durgan v. Ohio Bur. of Emp. Serv. (1996),110 Ohio App.3d 545, 549. This is because the determination of what constitutes just cause must be analyzed in conjunction with the legislative purpose underlying the Unemployment Compensation Act, which the Ohio Supreme Court has declared to be that of providing "financial assistance to an individual who has worked, was able and willing to work, but was temporarily without employment through no fault or agreement of his own." Irvine,supra, at 17, (citing Salzl v. Gibson Greeting Cards [1980],61 Ohio St.2d 35, 39). As the Ohio Supreme Court has also noted:
 "[w]hen an employee is at fault, he is no longer the victim of fortune's whims, but is instead directly responsible for his own predicament. Fault on the employee's part separates him from the [Unemployment Compensation] Act's intent and the Act's protection. Thus, fault is essential to the unique chemistry of a just cause termination." Tzangas, supra, at 697-698
Thus, a consideration of the employee's fault or responsibility for her own predicament is necessary to a just cause determination. King v. State Farm Mut. Auto Ins. Co. (1996),112 Ohio App.3d 664, 669.
An employee has the burden of proving that he is entitled to unemployment compensation benefits because he was discharged without just cause. Durgan, supra, at 550. In the instant case, appellee's employer operated pursuant to what is commonly termed a no-fault attendance policy. The purpose behind this type of policy is to (1) provide the worker with control over his continued employment with the company, and (2) relieve the employer of the task of determining whether an employee has a valid or exculpating reason for absences. Sutherlin, supra, at 637. Where an employer fires an employee for excessive absenteeism under a no-fault policy, the employee may still be entitled to compensation if she can establish that her absences were the result of a bona fide illness. Durgan, supra, at 550. See, also, Johnson Hardin Co. v. Ohio Bur. of Emp. Serv.
(June 28, 1989), Hamilton App. No. C-880319, unreported, (rejecting argument that a no-fault policy cannot satisfy the just-cause standard for discharge under R.C. 4141.29[D][2][a]). The employer's failure to question or investigate the employee's claim of illness because of its no-fault absenteeism policy does not relieve the employee of this burden. See Durgan, supra, at 551.
At the hearing, appellee testified that he had been ill during all three of the absences which occurred after he entered into the last-chance agreement. In addition, with respect to the absence on December 27, 1996, appellee introduced into evidence a doctor's excuse stating that appellee was under the doctor's care and would be able to return to work on December 30, 1996. Appellee also testified that he had reported off according to company policy on all three occasions. Indeed, the employer's own records indicated that on all three occasions, appellee was "sick". Nowhere in the record does the employer dispute appellee's illnesses.
The hearing officer for the Board of Review found that appellee had advised his employer on all three occasions that he was ill. Notwithstanding the introduction into evidence of appellee's doctor's note, the hearing officer found that appellee had not seen a doctor relative to any of the absences, and stated that "the evidence of record does not establish claimant had valid reasons for missing as much work as he did."
A review of the record indicates that the decision of the Board of was the weight the Review against manifest of evidence. Although ordinarily this court would defer to the Board of Review in its factual findings and its resolution of issues of credibility, there must be something in the record to support its findings. Appellee testified that he was ill with a 104 degree temperature on December 27, 1996 and that he saw a doctor. Documentation of the doctor's visit was introduced into evidence. The employer did not dispute appellee's illness nor challenge any of the evidence presented with regards to it. As the trial court noted, appellee's evidence of his illness was "undisputed, substantial, probative and credible".
Appellant argues that when appellee's entire work history with Y.S.D. Industries is taken into account, appellee's numerous instances of absenteeism are sufficient to support the Board of Review's determination that appellee was terminated for just cause. However, appellee was not discharged for his attendance problems prior to June 10, 1996. Rather, appellee was discharged for violating the last chance agreement, which the magistrate correctly held was a new employment contract. Under the agreement, appellee was entitled to half as many absences as he had been permitted under the original contract. Clearly, to hold that appellee's absences under the prior contract could be used to determine whether appellee was terminated with just cause under the new, would be to eviscerate the very purpose of the agreement. Rather, appellee's absences prior to his discharge on May 21, 1996 were irrelevant to the issue of whether appellee's termination under the last-chance agreement was for just cause. Accord, Pickett v. Unemployment Comp. Bd. of Rev. (1989), 55 Ohio App.3d 68
(holding that violations committed prior to initial discharge were irrelevant in consideration of just cause for subsequent discharge).
The trial court ruled that appellee's bona fide illness was not just cause for termination under R.C. 4141.29(A)(2)(a). Because the determination of the Board of Review that appellee was discharged for just cause is not supported by the record, the decision of the trial court is hereby affirmed.
Cox, J., concurs.
Waite, J., dissents; see dissenting opinion
APPROVED:
 _________________________________ Gene Donofrio Judge
[1] Formerly the Ohio Unemployment Compensation Board of Review.