ACCELERATED DOCKET JOURNAL ENTRY and OPINION
{¶ 1} This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Plaintiff-appellant Laura Dean ("appellant") appeals from the trial court's decision affirming the order of the review commission denying appellant's benefits. Having reviewed the arguments of the parties and the pertinent law, we affirm the trial court.
 I. {¶ 3} According to the case, appellant made an application for unemployment compensation benefits by telephone on February 4, 2003. The claim was allowed on February 12, 2003, granting the appellant $346 per week. On March 7, 2003, the appellant received a determination of unemployment compensation benefits denying her claim. Appellant appealed the determination on March 17, 2003. The director made a redetermination on May 1, 2003, granting the appellant benefits. Appellees then appealed to the review commission on May 14, 2003.
 {¶ 4} On July 9, 2003, a telephone hearing was held before a hearing officer. The hearing officer issued a decision on July 10, 2003, denying the appellant benefits. Appellant appealed on July 21, 2003, and the review commission disallowed the appeal on September 16, 2003. Appellant then appealed to the common pleas court on October 14, 2003. On January 20, 2004, the trial court entered an order indicating the following:
"Upon consideration of the entire record and such additional evidenceas the court has admitted, the court affirms the order of reviewcommission, finding that the order is supported by reliable, probative,and substantial evidence and is in accordance with law. Court costassessed as each their own. Book 3055, Page 0057."
 {¶ 5} Appellant now appeals the decision of the trial court to this court.
 {¶ 6} Appellant was employed by Schill Architecture as a drafter for over five years, from April 1, 1997 until December 30, 2002.[1] On December 31, appellant's husband came into the office and informed appellant's boss, Stephen Schill ("Schill"), that appellant had been hospitalized for depression. Schill visited appellant in the hospital,[2]
and he telephoned her twice after she was released on January 6, 2003. Appellant indicated that she intended to return to work, however, she never gave Schill a specific date.[3]
 {¶ 7} Appellant did not call Schill or keep him apprised of her situation.[4] In mid-January, Schill contacted appellant regarding the date she planned to return to work. Schill Architecture is a small two-person firm; consequently, the absence of appellant had a significant effect. Schill began turning down work because he lacked appellant's services. Eventually, after not hearing from appellant for over two weeks, Schill Architecture released her from employment. Schill called appellant on February 4, 2003 and dismissed her.[5] He also sent a certified letter to her on February 10, 2003.[6] Appellant was still ill and was not able to return to work before the end of February.
 II. {¶ 8} Appellant's first assignment of error states the following: "The Hearing Officer erred in deciding that the Appellant was discharged with just cause as the Appellant was genuinely ill."
 {¶ 9} Appellant's second assignment of error states the following: "The Hearing Officer erred in deciding that the Appellant was discharged with just cause as the Appellant indicated to her employer her intent to return to work."
 {¶ 10} Appellant's third assignment of error states the following: "The Hearing Officer erred in deciding that the Appellant was discharged with just cause as the Appellant was discharged for lack of work."
 {¶ 11} Appellant's fourth assignment of error states the following: "The Hearing Officer erred in deciding that the Appellant failed to continually report her medical status to her employer."
 {¶ 12} Because of the substantial interrelation of appellant's assignments of error and for the sake of judicial economy, we shall address them together. Manifest weight concerns whether the jury, or in this case the judge, lost its way creating a manifest miscarriage of justice. State v. Thompkins (1987), 78 Ohio St.3d 380. "Judgments supported by some competent credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." Whatley v. Tokheim Corp.
(Jan. 30, 1986), Cuyahoga App. No. 49407, citing C.E. Morris v. FoleyConstr. Co. (1978), 54 Ohio St.2d 279.
 {¶ 13} An appellate court may reverse the unemployment compensation board of review's "just cause" determination only if it is unlawful, unreasonable or against the manifest weight of the evidence. Tzangas,Plakas Mannos v. Ohio Bur. of Emp. Servs. (1995), 73 Ohio St.3d 694. As the review commission is in the best position to weigh evidence and assess the credibility of the witnesses, a reviewing court may not infringe on that primary jurisdiction and replace its judgment with that of the review commission. Simon v. Lake Geauga Printing Co. (1982),69 Ohio St.2d 41. In fact, appellate courts are not permitted to make factual findings, and are limited to determining whether the commission's decision is supported by credible evidence in the record. Tzangas, Plakas Mannos, supra.
 {¶ 14} The Ohio Supreme Court defines just cause as "that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act." Tzangas, Plakas Mannos at 697, citing Irvinev. Unemployment Comp. Bd. of Review (1985), 19 Ohio St.3d 15, 17. A just cause determination requires fault on the part of the discharged employee. Id. at 698; Lee v. Nick Mayer Lincoln (1991),74 Ohio App.3d 306, 309; Piazza v. Ohio Bur. of Emp. Servs. (1991),72 Ohio App.3d 353. Fault contemplates culpable actions within the employee's ability to control. "When an employee, by his actions, demonstrates an unreasonable disregard for his employer's best interest, Ohio law considers the discharge to have been with just cause." Lee,
supra at 309, citing Kiikka v. Bur. of Emp. Servs. (1985),21 Ohio App.3d 168, 169.
 {¶ 15} We find that appellant's actions justified her termination. In the case at bar, appellant's failure to timely report about her medical condition, the length of her absence, and the limited size of Schill Architecture all resulted in unacceptable conditions for continued employment. These conditions made it unworkable for appellant's employer to continue with her employment. Appellant's actions demonstrated an unreasonable disregard for Schill's best interest. Schill had difficulty contacting appellant after she was released from the hospital.[7]
Appellant never contacted her employer, nor did her employer have contact from her doctor.[8] In addition, when Schill did eventually make contact with appellant, she was not able to give him a specific date regarding when she intended to return to work.[9]
 {¶ 16} According to appellant, she last talked to Schill on approximately January 16, 2003, when he called her.[10] Appellant did not contact her employer during the next two weeks.[11] When Schill had not heard from appellant in over two weeks, he decided to release her from employment. Schill called appellant and dismissed her on February 4, 2003. Appellant was still ill and was not able to return to work before the end of February.[12]
 {¶ 17} Appellant argues that absenteeism caused by an illness cannot result in a just cause discharge. While that may be true, that is not the situation here. In the case at bar, appellant was discharged not for her illness, but because she failed to timely report off from work. Appellant also states that her discharge was without just cause because she expressed an intent to return to work; this argument is nonpersuasive. Appellant cites Waddell v. Barkan Neff Co., L.P.A. (1989),62 Ohio App.3d 158 in her brief; however, this case does not apply. InWaddell, the employee stated she would be on a two-week leave of absence. In the instant case, appellant did not make an effort to stay in touch with her employer and failed to inform her employer about the extent of her absence.
 {¶ 18} In addition, appellant did not submit a request for a leave of absence from her doctor. Appellant failed to adequately inform appellees of her condition and her discharge was for just cause. Appellant's argument that she was essentially laid off because of lack of work is also nonpersuasive. Any lack of work can easily be attributed to appellant's absence and the serious productivity problems it caused appellee Schill Architecture in retaining clients, as the company went from two workers to one.
 {¶ 19} The evidence presented in the record demonstrates that the hearing officer made a reasonable determination that appellant was discharged for just cause. The hearing officer did not err in deciding that the appellant was discharged with just cause regarding appellant's illness, intent to work, employer's work load, or medical reporting.
 {¶ 20} Appellant's four assignments of error are overruled. Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan, J., concurs Sweeney, P.J., Dissents with separate dissenting opinion.
[1] Tr. at 5.
[2] Tr. at 6.
[3] Tr. at 9, 12.
[4] Tr. at 6, 7, 8.
[5] Tr. at 14.
[6] Tr. at 7.
[7] Tr. at 7, 8.
[8] Tr. at 7.
[9] Tr. at 9, 12.
[10] Tr. at 13.
[11] Tr. at 14.
[12] Tr. at 15.
 DISSENTING OPINION